**Charles Ray IRVING, Appellant**

v.

**The STATE of Texas.**

**No. PD–91–04.**

Court of Criminal Appeals of Texas.

Nov. 9, 2005.

---

1. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 1370, 158 L.Ed.2d 177 (2004).

2. *Id.*

3. *Id.* citing M. Hale, History and Analysis of the Common Law of England 258 (1713).

Bruce N. Smith, Beaumont, for Appellant.

Chris Wohleb, Asst. County & Dist. Atty., Orange, for State.

## *OPINION*

MEYERS, J., delivered the opinion of the Court, in which PRICE, WOMACK, JOHNSON, and COCHRAN, JJ., joined.

We withdraw our opinion of April 27, 2005 and substitute the following opinion. Appellant's motion for rehearing is overruled.

Appellant Charles Ray Irving was convicted of the offense of aggravated assault. On appeal, Appellant argued that the trial court erred in failing to instruct the jury on the lesser-included offense of simple assault. The Ninth Court of Appeals held that Appellant was entitled to an instruction on the lesser-included offense and reversed and remanded the case to the trial court. We will reverse.

## I.  Facts

The evidence presented at trial showed that Appellant had known the victim, Phyllis Chargois, for almost 20 years, and that they had previously lived together, although they were not living together at the time of the offense. Chargois testified that Appellant followed her from work on August 3, 2000, to a bar, and then to her sister's house in Louisiana. Chargois said she drove home the next morning, at which time she found Appellant inside her home. Chargois testified that Appellant was holding a bat, told her not to run and that it was "her day to die," and then struck her several times with the bat. Chargois suffered injuries including a broken ankle, leg, and arm. She also testified she fell

against a glass shelf with Appellant during the attack and broke the glass, cutting herself. According to testimony at trial, Appellant then went to get a towel for Chargois to stop the bleeding, and Chargois crawled out her front door for help. A neighbor across the street testified that he saw Chargois being held by Appellant, and that it looked as if Appellant was "fixing to twist her head off." The neighbor then told Appellant to drop Chargois, and then helped Chargois to his house where he called the police.

Appellant testified to a different version of events at trial. He denied following Chargois as she left her job, and claimed that he went to her home only because he was supposed to meet her there to retrieve some of his personal belongings. He testified that when he encountered Chargois in her home, she began cursing at him, and he picked up a bat, but he then claimed he threw the bat down and denied ever striking Chargois with it. He did acknowledge that he struggled physically with Chargois, and that they fell into the glass shelves in the process, but said that he did not attack nor seriously injure her. He then testified that when he went to get her a towel for the cut on her head resulting from the fall into the glass shelves, she went out the door. He said he saw her laying on the walkway outside the door, and that he assumed her injuries came from a fall on the walkway.

Dr. Wesley Palmer was the physician who treated Chargois at the hospital. He testified that Chargois suffered broken bones in her arm and leg, injuries to her hip and thigh, and a head laceration. According to Dr. Palmer's testimony, the ex-

tent of the injuries was such that Chargois had to have pins inserted into the bones in her arm. He testified that, in his opinion, Chargois suffered "serious bodily injury" according to the legal definition. Dr. Palmer stated that Chargois told him that her ex-boyfriend hit her with a bat. He also said Chargois' injuries were consistent with being struck with a bat, and testified that, while it was possible the injuries could have been caused by a fall to the floor, the extent and number of injuries would have required multiple falls.

## II.  Appellate Decision and Grounds for Review

The court of appeals reversed Appellant's conviction and remanded for a new trial.[1] The court considered whether or not Appellant was entitled to the requested jury instruction on the lesser-included offense of simple assault and concluded that simple assault is necessarily a lesser-included offense of aggravated assault, and has long been recognized as such.[2] The court then held that Appellant was entitled to the lesser-included offense instruction of simple assault because there was "evidence, which if believed by the trier of fact, would constitute evidence of simple assault."[3] Thus, the court of appeals held that the trial court erred by failing to include the instruction for the lesser-included offense of simple assault.[4]

This Court granted review on two grounds: First, did the court of appeals err in holding that the trial court erred in failing to instruct the jury on the lesser offense of assault? And second, must a trial court instruct a jury on a lesser offense where the conduct establishing the

1.  *Charles Ray Irving v. State,* No. 09–02–476–CR, 2003 WL 22736207 (Tex.App.-Beaumont Nov. 19, 2003, pet. granted)(not designated for publication).

2.  *Id.* at *2–3.

3.  *Id.* at *3.

4.  *Id.* at *3–4.

lesser offense is not "included" within the conduct charged?

## I. Law

■ We first address the question posed in the second ground for review stated above. A defendant is entitled to a lesser-included offense instruction in the jury charge if (1) the requested charge is a lesser-included offense of the offense charged, and (2) there is some evidence that if the defendant is guilty, he is guilty only of the lesser offense.[5] To determine if an offense is a lesser-included-offense, we look to Texas Code of Criminal Procedure Art. 37.09, which states in relevant part:

An offense is a lesser included offense if:

(1) it is established by proof of the *same or less* than all the facts required to establish the commission of the *offense charged; (emphasis added)*

We now look to the indictment to determine what offense was charged, and whether Appellant's request for a jury in-

struction on simple assault was properly denied.

## II. Analysis

■ The court of appeals held that simple assault[6] is necessarily a lesser-included offense of aggravated assault,[7] citing a Court of Criminal Appeals case from 1888.[8] What the court fails to consider, however, is that while simple assault may be a lesser-included offense of aggravated assault in some cases, here, Appellant is asking for a lesser-included offense instruction based on facts not required to establish the commission of the offense *charged.* In other words, the conduct constituting the lesser-included offense for which Appellant requested an instruction is different from the conduct which was alleged in the charging instrument for Appellant's aggravated—assault charge. The indictment for the aggravated assault alleged that Appellant committed aggravated assault against the victim by two separate theories, namely, that Appellant attacked the victim with a deadly weapon, to wit, a baseball bat, and that Appellant caused the victim serious bodily injury by hitting her with the bat.[9]

---

5. *Hayward v. State,* 158 S.W.3d 476, 478 (Tex. Crim.App.2005); *Jacob v. State,* 892 S.W.2d 905, 907 (Tex.Crim.App.1995).

6. Assault is defined in Texas Penal Code § 22.01 as follows: "(a) A person commits an offense of the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative."

7. Texas Penal Code § 22.02 defines aggravated assault as follows: "(a) A person commits an offense if the person commits assault as defined in Section 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or

exhibits a deadly weapon during the commission of the assault."

8. *Charles Ray Irving v. State,* No. 09–02–476–CR, 2003 WL 22736207 (Tex.App.-Beaumont Nov. 19, 2003, pet. granted)(not designated for publication)(citing *Foster v. State,* 25 Tex. App. 543, 543, 8 S.W. 664, 665 (1888)).

9. The indictment in the trial court read specifically that Appellant:

did then and there intentionally and knowingly use a deadly weapon, to wit: a bat, that in the manner of its use and intended use was capable of causing death and serious bodily injury, and did then and there intentionally and knowingly cause bodily injury to Phyllis Chargois by hitting the said Phyllis Chargois on the head and body with the said bat.

The second count of the indictment alleged that Appellant:

did then and there intentionally and knowingly cause serious bodily injury to Phyllis

Here, Appellant is asking for an instruction for the offense of simple assault stemming from the conduct of grabbing the victim and eventually falling on top of her, and not hitting the victim with a baseball bat.

Because the conduct constituting the offense of assault for which the Appellant wanted an instruction is not the same as the conduct charged in the indictment for aggravated assault, assault by means of grabbing the victim and eventually falling on top of her is not a lesser-included offense of aggravated assault by striking the victim with a bat.[10] This offense fails to meet the requirements of Texas Code of Criminal Procedure Art. 37.09 because the same facts or less than the same facts required to prove the greater aggravated assault offense are not required to prove the assault offense.[11] Proof that Appellant grabbed and fell on top of the victim is not required to prove aggravated assault by hitting the victim with a bat. Assault by grabbing and falling on someone may be a lesser-included offense of aggravated assault in some instances, but not as the greater offense was charged in the indictment in this case.[12]

■ Thus, as to the second ground for review, we re-affirm our decision in *Hayward*. A trial court is not required to instruct a jury on a lesser included offense where the conduct establishing the lesser offense is not "included" within the conduct charged; i.e. within the facts required to prove the charged offense.

In answer to the question posed in the first ground for review, we hold that the court of appeals erred by holding that the trial court erred in failing to give the jury the lesser-included offense instruction for assault. For the reasons stated above, Appellant was not entitled to a lesser-included offense instruction. The trial court did not err in failing to instruct the jury. The decision of the court of appeals is reversed, and we affirm the trial court's holding and Appellant's conviction.

KELLER, P.J., and KEASLER, HERVEY, and HOLCOMB, JJ., concurred in the judgment.

---

Chargois by hitting her on the head and body with a bat.

**10.** *Hayward v. State,* 158 S.W.3d at 479–80.

**11.** *Jacob v. State,* 892 S.W.2d at 908 (citing *Bartholomew v. State,* 871 S.W.2d 210 (Tex. Crim.App.1994)). The court in *Bartholomew* reasoned that in a case where the indictment charged reckless driving and alleged the acts showing recklessness as speeding and racing, speeding and racing would be lesser-included-offenses of reckless driving. However, if the indictment had alleged the acts showing reckless driving as "driving in circles" or "doing donuts" in the street, speeding and racing would not be lesser-included-offenses because they would not be required to establish the charged offense.

**12.** *Hayward v. State,* 158 S.W.3d at 479.