Memorandum Opinion of November 28, 2006 Withdrawn, Affirmed and
Substitute Memorandum Opinion filed January 16, 2007








Memorandum Opinion of
November 28, 2006 Withdrawn, Affirmed and Substitute Memorandum Opinion filed
January 16, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00807-CR

_______________

 

VICENTE CARRANZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1014095

                                                                                                                                               


 

S U B S T I T U T E   M E M O R A N D U M   O P I N I
O N

 








Our opinion issued in this case on
November 28, 2006 is withdrawn, and the following opinion is issued in its
place.  Vicente Carranza appeals a conviction for aggravated assault with a
deadly weapon[1] on the
grounds that the trial court erred by: (1) admitting evidence of a prior
violent crime he committed; (2) refusing to charge the jury on the lesser
offense of (non-aggravated) assault; (3) excluding cross-examination pertaining
to the complainant=s motive and health history; and (4) excluding evidence
concerning the appellant=s post-assault relationship with the complainant.  We affirm.

Prior Conviction

Appellant=s first point of error contends that
the trial court erred by permitting the State to elicit from him, during the
guilt phase of trial, testimony about a prior felony assault conviction because
it was: (1) more than ten years old; (2) unduly prejudicial; and (3) not needed
to correct any Afalse impression.@  A trial court=s ruling on the admission of evidence
is reviewed for abuse of discretion.  Shuffield v. State, 189 S.W.3d
782, 793 (Tex. Crim. App. 2006) petition for cert. filed, ___ U.S.L.W.
___ (U.S. July 19, 2006) (No. 06-6055).  An evidentiary ruling will be upheld
if it is correct under any theory of law applicable to the case and supported
by the record before the trial court at the time the ruling was made.  Brito
Carrasco v. State, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).  

Evidence of a prior conviction is not
admissible to attack the credibility of a witness if the conviction is more
than ten years old.  See Tex. R.
Evid. 609(b).  However, the evidence appellant challenges was not
offered to attack his credibility, but to rebut his testimony that the
complainant=s injuries resulted from accidental causes rather than an assault.[2] 
See Tex. R. Evid. 404(b);
Rogers v. State, 105 S.W.3d 630, 633 n.4 (Tex. Crim. App. 2003); Booker
v. State, 929 S.W.2d 57, 63 (Tex. App.CBeaumont 1996, pet. ref=d).  Because appellant does not
demonstrate that the prior conviction was not relevant for that purpose, the
complaint that the conviction was more than ten years old presents nothing for our
review and is overruled.








Appellant next contends that,
regardless of relevance, the prior conviction should have been excluded because
its probative value was substantially outweighed by the danger of unfair
prejudice in that: (1) the probative value of a twenty-two year old case is
minimal, and (2) it is unduly prejudicial to allow testimony of a shooting
incident when one is on trial for threatening someone with a firearm.  Relevant
evidence may be excluded if its probative value is substantially outweighed by
a danger of unfair prejudice.  Tex. R.
Evid. 403.  The party opposing admissibility has the burden of showing
that the unfair prejudice substantially outweighs the evidence=s probative value.  See id.;
Montgomery v. State, 810 S.W.2d 372, 377 (Tex. Crim. App. 1991); Runnels
v. State, 193 S.W.3d 105, 107 (Tex. App.CHouston [1st Dist.] 2006, no pet.). 
A Rule 403 analysis includes, but is not limited to, consideration of: (1) the
probative value of the evidence; (2) the potential to impress the jury in some
irrational yet indelible way; (3) the time needed to develop the evidence; and
(4) the proponent's need for the evidence.  State v. Mechler, 153 S.W.3d
435, 440 (Tex. Crim. App. 2005).

As to the first factor, the prior
conviction was probative to rebut appellant=s contention  that the complainant=s injuries resulted from an
accident.  On the second factor, any chance that the jury would be impressed in
an irrational way was minimized by the trial court=s limiting instructions, both orally
and in the jury charge, to consider the prior conviction only for determining
an absence of mistake or accident.  On the third factor, the evidence was
developed quickly because the prosecutor asked appellant if he had been
convicted of the prior offense, to which appellant answered Ayes,@ and then no further inquiry was
made.  On the fourth factor, the prior conviction was needed because appellant
and the complainant were the only two eyewitnesses to the events in question,
their testimony conflicted on whether the complainant=s injuries were caused by an accident
or an assault, and this was a pivotal fact issue in the case.  Under these
circumstances, appellant=s first point of error fails to demonstrate that the
probative value of the prior conviction was substantially outweighed by a
danger of unfair prejudice, and it is overruled.

Lesser Included Offense








Appellant=s second point of error complains
that the trial court erred in refusing to charge the jury regarding the lesser
offense of (non-aggravated) assault because there was evidence that appellant
had repeatedly pushed the complainant=s  head into the mattress, but
consistent with her affidavit,[3] that he had
neither placed a gun in her mouth nor threatened to shoot her.

A defendant is entitled to a charge
on a lesser-included offense if: (1) the requested charge is for a
lesser-included offense of the charged offense; and (2) there is some evidence
that, if the defendant is guilty, he is guilty only of the lesser offense. Guzman
v. State, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006).  The first prong is
met if the elements of the lesser offense are established by proof of the same
or less than all the facts required to establish the commission of the charged
offense, as alleged in the indictment.  Id.; see Tex. Code Crim. Proc. Ann. art.
37.09(1) (Vernon 2006).  Thus, while simple assault can be a lesser-included
offense of aggravated assault in some cases, a lesser-included offense
instruction is not warranted based on different conduct than is alleged for the
charged offense because proof of those facts is not required to prove the
charged offense and the State could therefore not obtain a conviction on them.[4]








In this case, the indictment alleged
aggravated assault by threatening the complainant with a handgun.  Appellant
contends that there is some evidence he committed only a simple assault by
slamming the complainant=s head into a mattress.  However, because the indictment did
not allege slamming the complainant=s head into a mattress, proof of
those facts were not required to convict appellant of the charged offense and
would not have supported a conviction under appellant=s indictment.  Therefore, the simple
assault that appellant relies upon was not a lesser-included offense of the
charged assault, and, he was not entitled to an instruction on it.[5] 
Because appellant=s second point of error thus fails to demonstrate that the
trial court abused its discretion in denying his request for a lesser- included
offense instruction, it is overruled.

                                            Cross-Examination
and Photographs

Appellant=s third and forth points of error
challenge the trial court=s refusal to allow cross-examination of the complainant
concerning withdrawals she made from his bank account after his arrest and her
history of mental health problems.  Appellant argues that this
cross-examination was relevant to show the complainant=s motive to have him arrested,
credibility, and ability to process information.  As relevant to this case, a
complaint regarding the exclusion of evidence may not be urged on appeal unless
the substance of the evidence was made known to the trial court by an offer of
proof or bill of exceptions.  Tex. R.
Evid. 103(a)(2); Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim.
App. 1999).  In this case, because the record contains no offer of proof or
bill of exceptions containing the substance of the excluded cross-examination
testimony, this complaint presents nothing for our review.  Accordingly,
appellant=s third and forth points of error are overruled.

Appellant=s fifth point of error challenges the
trial court=s refusal to allow: (1) cross-examination of the complainant regarding
her relationship with appellant after the alleged assault; and (2) admission of
photographs in which the complainant allegedly posed for appellant in a
sexually provocative manner.  Appellant contends that this evidence was
relevant to show the relationship between the parties after the assault,
behavior by the complainant that contradicted her stated fear of appellant,
and, thus, the improbability of her testimony that he violently attacked and
threatened her.  The trial court ruled that the photos were Ahighly inflammatory@ and that any probative value of the
evidence was far outweighed by the prejudicial effect.








The probative value of evidence
regarding whether appellant and complainant continued their relationship after
the assault is slight for the purpose of showing whether the alleged assault
occurred.[6]  In addition,
because of the graphically sexual nature of the photos, there was a danger that
the jury would unfairly consider them for purposes other than that for which
they were offered.  In any event, because the record contains no offer of proof
or bill of exceptions containing the substance of the testimony that appellant
sought to elicit in this regard, this complaint presents nothing for our
review.  Therefore, his fifth point of error is overruled, and the judgment of
the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Substitute
Memorandum Opinion filed January 16, 2007.

Panel consists of Justices Fowler,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and assessed
punishment at 14 years confinement.  





[2]           Appellant testified that the complainant
injured the side of her face and elbow accidentally on the morning of the
alleged assault when she jumped off the bed and stumbled over a mirror in their
bedroom.  Appellant also stated that he injured the complainant=s ribs when he slipped while he was attempting to pick
her up after she stumbled on the mirror.





[3]           About a month after the offense, the
complainant executed an affidavit stating that appellant did not assault her
and that her injuries resulted from her own clumsiness.  At trial, she
testified that this affidavit was false and that she signed it only because
appellant threatened her.  The affidavit was used to impeach the complainant=s testimony, but was not admitted into evidence.  In
addition, even if it had been admitted into evidence, it would not have been
evidence of a lesser-included offense, but that no offense was committed at
all.  See, e.g., Lofton v. State, 45 S.W.3d 649, 652 (Tex. Crim.
App. 2001).





[4]           See, e.g., Irving v. State,
176 S.W.3d 842, 845B46 (Tex. Crim. App. 2005) (holding that appellant was
not entitled to a simple assault charge for grabbing the victim and falling on
top of her where the aggravated assault charged was attacking and hitting the
victim with a baseball bat).





[5]           See id. at 846.





[6]           See, e.g., Mumphrey v. State,
155 S.W.3d 651, 664 n.5 (Tex. App.CTexarkana
2005, pet. ref=d) (holding that evidence of defendant=s and victim=s
post-assault reconciliation was not relevant to the issue of whether the
assault occurred).