COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-114-CR

 

ARWYNA RANDALL GAY                                                              APPELLANT

 

   V.

 

THE STATE OF TEXAS                                                                 STATE



 

                                              ------------

 

             FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------      

I. 
Introduction

Arwyna
Randall Gay appeals her conviction for reckless bodily injury to a child
fourteen years of age or younger.  In her
sole point, Gay argues that the trial court erred by instructing the jury on
the lesser included offense of reckless bodily injury to a child.  Because we hold that the trial court properly
instructed the jury on the lesser included offense, we will affirm.

 

 








II. Background

Sylvia
Leon entrusted the care of her son, Zachary, to a daycare center owned by
Gay.  After discovering bite marks and
bruises on her son, Leon was upset and complained to Gay that another child in
daycare had been biting her son.  Leon
told Gay that if Gay did not ensure that her son was not bitten, then Leon Awould do
something to make sure it stopped.@  That afternoon when Leon arrived to pick up
her son, she heard Gay yell at a daycare employee, Amake
sure you tell Zachary=s mom that he jumped off a slide
and hit his face on a toy.@  The daycare employee did so, and Leon noticed
bruising and a mark on Zachary=s
face.  Later that evening, the daycare
employee who had reported to Leon that Zachary had jumped off a slide and hit
his face on a toy recanted this story in a phone conversation.  Leon learned that her son had been bitten on
the face and that Gay had pinched her son=s face
in an attempt to cover up the bite mark. 

Leon
contacted Child Protective Services that night. 
When initially questioned about the incident by a childcare
investigator, Gay admitted that she had pinched Zachary and had rubbed his face
to cover up the bite mark.  Gay also
admitted that she had asked her staff members to lie to Leon regarding the
origin of Zachary=s injury.  At trial, however, Gay testified that she did
not pinch Zachary=s face; she only rubbed it
because she could see teeth marks.








The
State charged Gay with intentionally or knowingly causing bodily injury to a
child[1].  But at trial, the State requested a jury
instruction on the lesser included offense of reckless bodily injury to a
child.  Gay objected to the lesser
included offense instruction.  The trial
court overruled Gay=s objection and instructed the
jury that they could find Gay guilty of causing bodily injury to a child if
they found that she acted either intentionally, recklessly, or with criminal
negligence.  The jury found Gay guilty of
reckless bodily injury to a child, and the trial court assessed her punishment
at two years= confinement in a state jail,
probated for five years.  Gay timely
perfected this appeal. 

III. Standard of Review








In one
point, Gay argues that the trial court erred by instructing the jury on the
lesser included offense of reckless bodily injury to a child.  We use a two-step analysis to determine
whether an appellant was entitled to a lesser included offense instruction.  Hall v. State, 225 S.W.3d 524, 528
(Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.
Crim. App.), cert. denied, 510 U.S. 919 (1993).  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore v. State,
969 S.W.2d 4, 8 (Tex. Crim. App. 1998). 
Second, some evidence must exist in the record that would permit a jury
to rationally find that if the appellant is guilty, he is guilty only of the
lesser offense.  Hall, 225 S.W.3d
at 536; Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau,
855 S.W.2d at 672-73.  The evidence must
be evaluated in the context of the entire record.  Moore, 969 S.W.2d at 8.  There must be some evidence from which a
rational jury could acquit the appellant of the greater offense while
convicting him of the lesser included offense. 
Id.  The court may not
consider whether the evidence is credible, controverted, or in conflict with
other evidence.  Id.  Anything more than a scintilla of evidence
may be sufficient to entitle a defendant to a lesser charge.  Hall, 225 S.W.3d at 536. 

IV.  First Step
of Lesser Included Offense Analysis








In their
briefs filed with this court, the parties agreed that the first step of the lesser
included offense analysisCwhether the lesser included
offense of reckless bodily injury to a child is included within the proof
necessary to establish the offense of intentional and knowing bodily injury to
a childCis
satisfied here.  But during oral
argument, Gay=s counsel pointed out that the
court of criminal appeals had decided Hall v. State after he filed his
brief and argued that the newly articulated Hall test altered the
analysis used under the first step of the lesser included offense test and
that, applying Hall, reckless bodily injury to a child in this case was
not a lesser included offense of intentional and knowing bodily injury to a
child.  See Hall v. State, 225
S.W.3d 524 (Tex. Crim. App. 2007).  We
requested and have received supplemental briefing from Gay and the State
addressing the application of Hall to the present facts.








The
court of criminal appeals in Hall held that the determination of the
first step of the lesser included analysis should be made Aby
comparing the elements of the greater offense, as the State pled it in the
indictment, with the elements in the statute that defines the lesser included
offense.@  Id. at 525, 535-36.  The penal code provides that a person commits
the offense of injury to a child by Aintentionally,
knowingly, recklessly, or with criminal negligence . . . caus[ing] a child
. . . (3) bodily injury.@ 
Tex. Penal Code Ann. '
22.04(a) (Vernon 2005).  Section 22.04(f)
provides that an offense under subsection (a)(3) Ais a
felony of the third degree when the conduct is committed intentionally or
knowingly,@ but it is a state jail felony Awhen the
conduct is engaged in recklessly.@  Id. 
And article 37.09 of the Texas Code of Criminal Procedure provides that
an offense is a lesser included offense if it is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged; it differs from the offense charged only in the respect that a
less serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission; or it differs from the offense
charged only in the respect that a less culpable mental state suffices to
establish its commission.  Tex. Code Crim. Proc. Ann. art.
37.09  (Vernon Supp. 2006).








Here,
the facts required to prove the lesser included offense are the same as or less
than those required to prove the offense charged as in the indictmentCintentional
or knowing bodily injury to a child by pinching or mashing his face; the
offenses differ by statute only in their differing mental states.  Moore v. State, 154 S.W.3d 703, 711
(Tex. App.CFort Worth 2004, pet. ref=d)
(noting that a person commits injury to a child Aif he
intentionally, knowingly, recklessly, or with criminal negligence, by act or
intentionally, knowingly, or recklessly by omission, causes to a child . . .
serious bodily injury@ and therefore holding that A[b]ecause
the offense encompasses all culpable mental states, criminally negligent
infliction of serious bodily injury is a lesser included offense of knowing
infliction of serious bodily injury@); accord
Bell v. State, 693 S.W.2d 434, 438 (Tex. Crim. App. 1985) (holding that
proof of intent or knowledgeChigher
culpable mental statesCnecessarily establishes the
lower culpable mental state of recklessness).[2]  Thus, we hold as a matter of law that
reckless bodily injury to a child by pinching or mashing his face is a lesser
included offense of intentional or knowing bodily injury to a child by pinching
or mashing his face[3].

V.  Second Step
of Lesser Included Offense Analysis

Gay
contends, however, that the second step of the lesser included offense analysis
does not support the trial court=s
decision to instruct the jury on the lesser included offense of reckless bodily
injury to a child.  Specifically, Gay
asserts that she was either guilty of intentionally and knowingly injuring a
child or she was not guilty of anything at all. 
To determine whether under the second step of the lesser included
offense analysis the trial court properly instructed the jury on the lesser
included offense of recklessly causing bodily injury to a child, we must
determine whether some evidence exists in the record that would to permit the
jury to rationally find that if Gay is guilty, she is guilty only of the lesser
included offense of recklessly causing bodily injury to Zachary.  See Hall, 225 S.W.3d at 536; Salinas,
163 S.W.3d at 741; Rousseau, 855 S.W.2d at 672-73; Royster, 622
S.W.2d at 446.  








A person
acts recklessly Awith respect to circumstances
surrounding his conduct or the result of his conduct when he is aware of but
consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur,@ and the
Athe risk
must be of such a nature and degree that its disregard constitutes a gross
deviation from the standard of care that an ordinary person would exercise
under all the circumstances as viewed from the actor=s
standpoint.@ 
Tex. Penal Code Ann. ' 6.03(c)
(Vernon 2003).  ABodily
injury@ is Aphysical
pain, illness, or any impairment of physical condition.@  Id. '
1.07(a)(8).  Consequently, we review the
record to determine whether some evidence exists that would permit the jury to
rationally find that if Gay is guilty, she is guilty only of being aware of,
but consciously disregarding, a substantial and unjustifiable risk that Zachary
would suffer physical pain, illness, or any impairment of his physical
condition.








The
evidence establishes that Gay pinched or rubbed Zachary=s face
to conceal the bite mark.  Gay testified
that she was afraid Leon would sue her because Zachary had been bitten
again.  Therefore, a jury could
rationally have believed that it was not Gay=s
intention to harm Zachary, but rather it was her intention to attempt to avoid
civil litigation by concealing the bite wound that Zachary had already
sustained.  Thus, some evidence exists in
the record that Gay acted recklessly in regard to her conduct by consciously
disregarding a substantial and unjustifiable risk that pain would result to
Zachary from her pinching or rubbing and that the risk of inflicting pain on
Zachary was of such a nature that disregarding it was a gross deviation from
the standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor=s
standpoint.  Consequently, some evidence
exists that if Gay is guilty, she is guilty only of the lesser included offense
of recklessly causing bodily injury to a child. 
See Hall, 225 S.W.3d at 536; Salinas, 163 S.W.3d at 741; Rousseau,
855 S.W.2d at 672-73; Royster, 622 S.W.2d at 446; see also Ehrhardt
v. State, No. 06-02-00209-CR, 2003 WL 22004238, at *2-3 (Tex. App.CTexarkana
Aug. 26,2003, no pet.) (not designated for publication) (holding evidence
sufficient to show that defendant recklessly caused bodily injury to a child
fourteen years of age or younger by biting child on the arm).  Accordingly, the trial court did not err by
instructing the jury on the lesser included offense of reckless bodily injury
to a child.  We overrule Gay=s sole
point.

VI.  Conclusion

Having
overruled Gay=s sole point, we affirm the
trial court=s judgment.

 

 

                        SUE WALKER

                        JUSTICE

 

PANEL B: DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DAUPHINOT, J. filed a
dissenting opinion.

 

PUBLISH

 

DELIVERED: August 23,
2007

 








 

 




 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-06-114-CR

 

 

ARWYNA
RANDALL GAY                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------








I write
separately because this case is more difficult than it first appears.  The sole issue is whether the trial court
properly permitted the jury to convict Appellant of the unindicted offense of
reckless injury to a child.  The
conviction is proper only if the jury charge was proper.  The standard for determining when an
instruction on a lesser included offense is proper is the same whether the
instruction is requested by the State or by the defense.[4]

A person
commits the offense of injury to a child if he intentionally, knowingly,
recklessly, or with criminal negligence by act, or intentionally, knowingly, or
recklessly by omission, causes bodily injury to a child.[5]  The indictment in this case charged that
Appellant intentionally and knowingly caused bodily injury to the child Aby using
her hand to pinch and mash the face of@ the
child.  

Bodily
injury means Aphysical pain, illness, or any
impairment of physical condition.@[6]  This definition describes the three
conditions that constitute bodily injury in the disjunctive.  That is, if the actor causes physical pain,
it is not necessary that he also cause impairment of the child=s
physical condition.  Similarly, if the
actor causes impairment of the child=s
physical condition, he is not required to cause physical pain as well.








The
State=s theory
of the case was that Appellant wanted to cover up bite marks on the child=s face,
so she pinched or mashed the child=s face
at the site of the bite marks to create a bruise that would hide the bite.  The majority appears to say that although
Appellant intended to cause a bruise to cover the bite mark, she assumed and
consciously disregarded the risk that pain would occur.  Therefore, the majority concludes, the
instruction on reckless injury to a child was proper.  

If pain
were the only measure of bodily injury, the majority would be correct.  But pain is only one of three independent
measures of bodily injury.  Causing the
bruise is also a manner of causing bodily injury.  A bruise Ais a
traumatic injury of the soft tissues which results in breakage of the local
capillaries and leakage of red blood cells.@[7]  A person who causes a bruise causes
physical impairment by causing the local capillaries to break, allowing red
blood cells to leak into the surrounding tissue.

The
State=s theory
was that Appellant pinched or mashed the child=s cheek
in order to cause a bruise, thereby obscuring the bite or causing the bite
marks to@run
together.@ 
That is, the State=s theory was that Appellant
intended to cause bodily injury, to wit, a bruise.  I have examined State=s
Exhibits 3 through 16, the photographs of the child=s
cheek.  The photographs show a bruise on
top of the bite marks on the child=s cheek
but no bruise around the older bite mark on the child=s
arm.  








For a
party to be entitled to a charge on the lesser included offense of reckless
injury to a child, there must be some evidence that, if guilty, Appellant is
guilty only of the lesser included offense.[8]  In this case, there must be some evidence
that Appellant did not intend to cause a bruise and did not intend to cause
pain.  If, as the State contended,
Appellant intended to cause a bruise, Appellant intended to cause bodily injury.  The majority does not direct us to any
portion of the record that constitutes evidence that Appellant did not intend
to cause a bruise, leaving as the only evidence of bodily injury the infliction
of pain.    

The majority
appears to acknowledge that Appellant intended to cause a bruise because Ait was [Appellant=s] intention to
attempt to avoid civil litigation by concealing the bite wound that [the child]
had already sustained.@[9]  The majority believes that Appellant acted
recklessly

by consciously disregarding a
substantial and unjustifiable risk that pain would result to [the child] from
her pinching or rubbing and that the risk of inflicting pain on [the child] was
of such a nature that disregarding it was a gross deviation from the standard
of care that an ordinary person would exercise under all the circumstances as
viewed from the actor=s standpoint.[10]








 

If, as the
majority appears to conclude, Appellant intended to cause the bruise and was
reckless only about causing pain, then the majority is incorrect in holding
that there is evidence that Appellant is guilty only of the lesser offense, a
holding that is necessary to justify the charge.  Indeed, the majority=s apparent
conclusion that Appellant intended to cause the bruise and was reckless about
causing pain seems to suggest that Appellant is guilty of injury to a child
both by intentionally causing physical impairment (that is, the bruise) and by
recklessly causing physical pain.

If there is not
some evidence that Appellant, if guilty, is guilty only of the lesser included
offense of recklessly causing injury to the child, then the trial court erred
by permitting the jury to convict of the lesser offense, especially in light of
Appellant=s objection to the jury charge. 

Because the
majority appears to hold that a person inflicts bodily injury only by causing
pain and disregards the remainder of the statute describing bodily injury as
illness or any impairment of physical condition, I must respectfully dissent.

                   

 

LEE ANN DAUPHINOT                        

          JUSTICE

 

PUBLISH

 








DELIVERED: August 23,
2007











[1]The indictment alleged
that Gay caused bodily injury to AZachary Leon, a child fourteen years of age or
younger by using her hand to pinch and mash the face of Zachary Leon.@





[2]This is true so long as
the allegedly reckless act is the same as the 
intentional and knowing act alleged in the indictment, as it is here;
the only bodily injury sustained by Zachary was caused by Gay using her hand to
pinch and mash his face.  Accord
Irving v. State, 176 S.W.3d 842, 845 (Tex. Crim. App. 2005).  





[3]The dissent interjects
conduct not charged in the indictmentCbruisingCand then concludes that a lesser included offense
instruction based on this uncharged conduct was improper.  The lesser included offense instruction was
proper, as we have held above, on the Apinching and mashing@ conduct that was charged
in the indictment.





[4]Arevalo v. State, 943 S.W.2d 887, 889-90
(Tex. Crim. App. 1997).  





[5]Tex.
Penal Code Ann.
' 22.04 (Vernon Supp.
2006).





[6]Id. ' 1.07(a)(8) (Vernon
2003).





[7]MedTerms
Medical Dictionary, http://www.medterms.com/script/main /art.asp?articlekey=2541 (last
visited August 23, 2007). 





[8]See Hall v. State, 225 S.W.3d 524, 536
(Tex. Crim. App. 2007);  Salinas v.
State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau v. State,
855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert. denied, 510 U.S. 919
(1993).





[9]Majority op. at 8.





[10]Id at 8-9.