NO. 07-09-00251-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 25, 2011

DONALD R. JOHNSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,831; HONORABLE JIM BOB DARNELL, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Donald R. Johnson appeals from his jury conviction of the offense of assault on a public servant and his resulting sentence of fifteen years of imprisonment.[1] Through one issue, appellant contends the trial court committed reversible error by denying his request for an instruction on the lesser-included offense of resisting arrest. We affirm.

---

[1] Appellant was also convicted of robbery and sentenced to twenty-five years of imprisonment. That conviction and sentence is not at issue in this appeal.

Background

Appellant was charged in a four-count indictment with the offenses of assault on a public servant (two counts), aggravated assault on a public servant and robbery.[2] The indictment included an enhancement paragraph setting forth appellant's previous felony conviction for burglary of a habitation.[3] The jury convicted appellant of robbery and one count of assault on a public servant. On appeal, only the conviction for assault on a public servant is at issue.

Trial testimony showed that Lubbock police officers responded to a burglar alarm at a Lubbock pawn shop. One of the responding officers apprehended appellant outside the building. That officer testified appellant repeatedly hit her in the head and elsewhere as she attempted to arrest him. Other testimony and medical records evidenced injuries the officer suffered.

Appellant took the stand and testified the officer tackled him and he dragged her while trying to escape her grasp. He asserted he never hit the officer or in any way attempted to injure her. He agreed his intent was only to resist arrest.

---

[2] *See* Tex. Penal Code Ann. § 22.01(b)(1) (West 2009) (assault on a public servant); Tex. Penal Code Ann. § 22.02 (West 2009); (aggravated assault on a public servant); and Tex. Penal Code Ann. § 29.02 (West 1994) (robbery).

[3] Appellant plead "true" to the enhancement.

Analysis

In appellant's sole issue on appeal, he contends the trial court erred in denying his request that an instruction on the lesser-included offense of resisting arrest be included in the court's charge to the jury. We disagree.

*Standard of Review*

If facts are elicited during trial that raise an issue of a lesser-included offense and a charge is properly requested, then a charge on the issue must be given. *Ross v. State,* 861 S.W.2d 870, 877 (Tex.Crim.App. 1992). The Court of Criminal Appeals has established a two-pronged test to determine whether a defendant is entitled to a charge on a lesser-included offense. *Hall v. State,* 225 S.W.3d 524, 535 (Tex.Crim.App. 2007); *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App. 1997). *See also Aevalo v. State,* 943 S.W.2d 887, 889 (Tex.Crim.App. 1997); *Royster v. State,* 622 S.W.2d 442 (Tex.Crim.App. 1981). First, the lesser-included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty *only* of the lesser offense. *Hall,* 225 S.W.3d at 535-36; *Skinner,* 956 S.W.2d at 543, *citing Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App. 1993). *See also Moore v. State,* 969 S.W.2d 4 (Tex.Crim.App. 1998).

The first step of our analysis is one of law. *Hall,* 225 S.W.3d at 535. The Code of Criminal Procedure defines an offense as a lesser-included offense if: (1) it is

3

established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense.   Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006).   *See also Hall,* 225 S.W.3d at 536, *Irving v. State,* 176 S.W.3d 842, 845 (Tex.Crim.App. 2005).   Whether an offense falls within this definition does not depend on the evidence to be produced at trial, but rather is performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense.  *Hall,* 225 S.W.3d at 535-36.

The indictment alleged that appellant, on that occasion, "did then and there intentionally, knowingly, and recklessly cause bodily injury to [the officer] by striking the said [officer] with defendant's hand and the said [officer] was then and there a public servant lawfully discharging an official duty, and the said defendant knew the said [officer] was a public servant."  Conviction of the offense as charged thus required the State to prove appellant intentionally, knowingly or recklessly caused bodily injury to the officer, knowing her to be a public servant lawfully discharging an official duty. Tex. Penal Code Ann. § 22.01(a), (b)(1) (West 2009).

By contrast, the elements of the offense of resisting arrest are that a person (1) intentionally prevents or obstructs; (2) a person he knows is a peace officer; (3) from

4

effecting an arrest of the actor; (4) by using force against the peace officer. *Dunklin v. State*, 194 S.W.3d 14, 22 (Tex.App.--Tyler 2006, no pet.) (citing Tex. Penal Code Ann. § 38.03(a) (West 2003)). Assault on a public servant is a felony offense. Tex. Penal Code Ann. § 22.01(b) (West 2009). Resisting arrest is typically a misdemeanor offense**.** Tex. Penal Code Ann. § 38.03(c) (West 2009).

The court in *Gilmore v. State,* 44 S.W.3d 92, 95-96 (Tex.App.—Beaumont 2001, pet. ref'd), addressed a contention like that made by appellant here. Although the court's analysis does not entirely follow the cognate pleadings approach later adopted by the Court of Criminal Appeals in *Hall*, 225 S.W.3d at 535-36, its analysis is instructive. Comparing the elements of the alleged lesser-included offense of resisting arrest with those of assault of a public servant, the court noted first that the assault offense permitted conviction on a knowing or reckless culpable mental state whereas resisting arrest proscribes only intentional conduct. *Gilmore*, 44 S.W.3d at 96. The same can be said of the assault of which appellant was convicted.

The court in *Gilmore* also noted that resisting arrest requires proof the peace officer was in the process of effecting an arrest, search, or transportation of the actor when the actor uses "force" to "prevent or obstruct" the attempted conduct; in contrast, the assault offense requires the public servant be "lawfully discharging an official duty," which may or may not involve an arrest. *Gilmore,* 44 S.W.3d at 96.

Because resisting arrest thus requires proof of facts different than those required to prove the charged assault, resisting arrest would not have been a proper lesser-included offense of assaulting a public servant**.** *See Dunklin*, 194 S.W.3d at 22 (trial

court did not err by denying requested instruction on resisting arrest during trial on aggravated assault of public servant). Appellant has failed to satisfy the first prong of the test. It follows, then, that the trial court did not err by denying appellant's requested jury instruction on the lesser offense of resisting arrest.

We overrule appellant's sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.