Opinion filed June 23,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00240-CR

                                                    __________

 

                      CHARLES
RANDAL YARBROUGH, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                          Coleman
County, Texas

 

                                                       Trial
Court Cause No. 1880

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Charles
Randal Yarbrough, appellant, was indicted on one count of capital murder and
one count of murder in the death of a fourteen-month-old child who had been
placed in foster care with appellant and his wife.  A jury convicted appellant
of the lesser included offense of injury to a child. Because the convicting
jury was unable to reach an agreement as to punishment, a second jury assessed
punishment at confinement for twenty years.  We affirm.  

            In
his sole issue on appeal, appellant argues that the trial court improperly
instructed the jury with respect to the lesser included offense of injury to a
child because the trial court failed to give an instruction allowing the jury
to convict appellant of injury to a child by causing bodily injury (as opposed
to serious bodily injury).[1] 
The record reflects that the trial court gave instructions to the jury on the
lesser included offenses of intentionally and knowingly causing serious bodily
injury to a child and recklessly causing serious bodily injury to a child. 
However, the trial court did not give instructions on the lesser included
offenses of intentionally and knowingly or recklessly causing (non-serious)
bodily injury to a child.  Appellant asserts that he was entitled to have the
jury instructed on these issues because there was evidence that he merely hit the
child on the back in an attempt to dislodge an object stuck in her throat.  Because
the record contains no trial objection or request by appellant with respect to an
instruction on non-serious bodily injury, appellant’s argument on appeal is
that the instructions that were given were erroneous and reviewable for
egregious error under Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App.
1985).  

            Among
other definitions, the trial court included abstract definitions of serious
bodily injury and bodily injury in the charge.  The trial court instructed the
jury in one of the application paragraphs as follows: 

            Now, if
you find from the evidence beyond a reasonable doubt that . . . the Defendant .
. . did then and there, intentionally or knowingly cause serious bodily injury
to . . . , a child, by causing blunt force trauma to the head of . . . , by a
manner and means unknown, then you will find the defendant guilty of
intentionally or knowingly causing Injury to a Child, a lesser included
offense.

 

The next
application paragraph was identical except that “intentionally or knowingly”
was replaced by “recklessly.”  We cannot hold that the instructions as given
were erroneous merely because they did not permit the jury to find appellant
guilty of causing non-serious bodily injury to a child.  The instructions that
were given by the trial court were proper and tracked the appropriate statutory
language.  

            The
trial court need not have included an instruction on causing non-serious bodily
injury to the child because that offense is a separate, lesser included offense
and is not the same offense as causing serious bodily injury to a child.  See
Tex. Penal Code Ann. § 22.04
(Vernon 2011) (injury to a child);[2]
Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 2006) (lesser included offenses).  Appellant should have objected
or requested an instruction on the lesser included offense of injury to a child
by causing bodily injury.  Because he did not, he waived that issue for
review.  

            The
failure to either object to the omission of or request a charge on a lesser
included offense waives any error on appeal.  Kinnamon v. State, 791
S.W.2d 84, 96 (Tex. Crim. App. 1990), overruled on other grounds by Cook v.
State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994).  The trial court has an
absolute sua sponte duty to prepare a jury charge that accurately sets out the
law applicable to the specific offense charged, but it does not have a similar sua sponte duty to
instruct the jury on all potential defensive issues, lesser included offenses,
or evidentiary issues.  Delgado v. State, 235 S.W.3d 244, 249 (Tex.
Crim. App. 2007).  Such issues frequently depend upon trial strategy and
tactics and are generally left to the defendant and his trial
counsel.  Id.  If neither side requests a lesser included instruction, the trial
court need not submit one.  Id. at 250.  

            Moreover,
we note that, even if he had requested an instruction on the lesser offense of
injury to a child by causing bodily injury, appellant would not have been
entitled to such an instruction as that offense was not a lesser included
offense under the circumstances in this case.  See Irving v. State, 176
S.W.3d 842 (Tex. Crim. App. 2005) (defendant not entitled to instruction on
lesser included offense that is based on facts not required to establish the
commission of the offense as charged in the indictment); see also Ferrel v.
State, 55 S.W.3d 586 (Tex. Crim. App. 2001).  If, as alleged in the
indictment, appellant caused blunt force trauma to the child’s head (which was
the cause of death), then appellant did not merely cause bodily injury.  Appellant’s
sole issue is overruled.  

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

June 23, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[3]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[4]

 









[1]Serious bodily injury means “bodily injury that creates
a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.”  Tex. Penal Code Ann.
§ 1.07(a)(46) (Vernon 2011).  Bodily injury means “physical pain, illness, or
any impairment of physical condition.”  Id. § 1.07(a)(8). 

 





                [2]Section
22.04 provides in relevant part: 

 

                (a) A person commits an offense if he
intentionally, knowingly, recklessly, or with criminal negligence, by act or
intentionally, knowingly, or recklessly by omission, causes to a child, elderly
individual, or disabled individual:

 

                (1)
serious bodily injury; 

 

                (2)
serious mental deficiency, impairment, or injury; or 

 

                (3)
bodily injury. 

 

                .  .  .  .

 

(e) An offense under Subsection (a)(1) or (2) . . . is
a felony of the first degree when the conduct is committed intentionally or
knowingly.  When the conduct is engaged in recklessly, the offense is a felony
of the second degree. 

 

(f) An offense under Subsection (a)(3) . . . is a
felony of the third degree when the conduct is committed intentionally or
knowingly. . . .  When the conduct is engaged in recklessly, the offense is a
state jail felony. 

 





[3]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.