**Opinion filed June 23, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00240-CR

_____

## CHARLES RANDAL YARBROUGH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause No. 1880**

## M E M O R A N D U M   O P I N I O N

Charles Randal Yarbrough, appellant, was indicted on one count of capital murder and one count of murder in the death of a fourteen-month-old child who had been placed in foster care with appellant and his wife. A jury convicted appellant of the lesser included offense of injury to a child. Because the convicting jury was unable to reach an agreement as to punishment, a second jury assessed punishment at confinement for twenty years. We affirm.

In his sole issue on appeal, appellant argues that the trial court improperly instructed the jury with respect to the lesser included offense of injury to a child because the trial court failed to

give an instruction allowing the jury to convict appellant of injury to a child by causing bodily injury (as opposed to *serious* bodily injury).[1]  The record reflects that the trial court gave instructions to the jury on the lesser included offenses of intentionally and knowingly causing serious bodily injury to a child and recklessly causing serious bodily injury to a child.  However, the trial court did not give instructions on the lesser included offenses of intentionally and knowingly or recklessly causing (non-serious) bodily injury to a child.  Appellant asserts that he was entitled to have the jury instructed on these issues because there was evidence that he merely hit the child on the back in an attempt to dislodge an object stuck in her throat.  Because the record contains no trial objection or request by appellant with respect to an instruction on non-serious bodily injury, appellant's argument on appeal is that the instructions that were given were erroneous and reviewable for egregious error under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985).

Among other definitions, the trial court included abstract definitions of serious bodily injury and bodily injury in the charge.  The trial court instructed the jury in one of the application paragraphs as follows:

> Now, if you find from the evidence beyond a reasonable doubt that . . . the Defendant . . . did then and there, intentionally or knowingly cause serious bodily injury to . . . , a child, by causing blunt force trauma to the head of . . . , by a manner and means unknown, then you will find the defendant guilty of intentionally or knowingly causing Injury to a Child, a lesser included offense.

The next application paragraph was identical except that "intentionally or knowingly" was replaced by "recklessly."  We cannot hold that the instructions as given were erroneous merely because they did not permit the jury to find appellant guilty of causing non-serious bodily injury to a child.  The instructions that were given by the trial court were proper and tracked the appropriate statutory language.

The trial court need not have included an instruction on causing non-serious bodily injury to the child because that offense is a separate, lesser included offense and is not the same offense as causing serious bodily injury to a child.  *See* TEX. PENAL CODE ANN. § 22.04 (Vernon 2011)

---

[1]Serious bodily injury means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  TEX. PENAL CODE ANN. § 1.07(a)(46) (Vernon 2011).  Bodily injury means "physical pain, illness, or any impairment of physical condition."  *Id.* § 1.07(a)(8).

(injury to a child);[2] TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006) (lesser included offenses). Appellant should have objected or requested an instruction on the lesser included offense of injury to a child by causing bodily injury. Because he did not, he waived that issue for review.

The failure to either object to the omission of or request a charge on a lesser included offense waives any error on appeal. *Kinnamon v. State*, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). The trial court has an absolute sua sponte duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged, but it does not have a similar sua sponte duty to instruct the jury on all potential defensive issues, lesser included offenses, or evidentiary issues. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). Such issues frequently depend upon trial strategy and tactics and are generally left to the defendant and his trial counsel. *Id.* If neither side requests a lesser included instruction, the trial court need not submit one. *Id.* at 250.

Moreover, we note that, even if he had requested an instruction on the lesser offense of injury to a child by causing bodily injury, appellant would not have been entitled to such an instruction as that offense was not a lesser included offense under the circumstances in this case. *See Irving v. State*, 176 S.W.3d 842 (Tex. Crim. App. 2005) (defendant not entitled to instruction on lesser included offense that is based on facts not required to establish the commission of the

---

[2]Section 22.04 provides in relevant part:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:

(1) serious bodily injury;

(2) serious mental deficiency, impairment, or injury; or

(3) bodily injury.

. . . .

(e) An offense under Subsection (a)(1) or (2) . . . is a felony of the first degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly, the offense is a felony of the second degree.

(f) An offense under Subsection (a)(3) . . . is a felony of the third degree when the conduct is committed intentionally or knowingly. . . . When the conduct is engaged in recklessly, the offense is a state jail felony.

offense as charged in the indictment); *see also Ferrel v. State*, 55 S.W.3d 586 (Tex. Crim. App. 2001). If, as alleged in the indictment, appellant caused blunt force trauma to the child's head (which was the cause of death), then appellant did not merely cause bodily injury. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


June 23, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[3] consists of: Wright, C.J.,
McCall, J., and Hill, J.[4]

---

[3]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[4]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.