# NO. 12-18-00023-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEWEY DEWAYNE BARRETT,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dewey Dewayne Barrett appeals his conviction for assault-family violence by impeding breath or circulation. In a single issue, Appellant argues the trial court erred by not including a lesser included offense instruction in the jury charge. We affirm.

## BACKGROUND

On April 8, 2017, a Tyler police officer was flagged down and alerted to an ongoing assault. Appellant and his wife, Glenda Mackey, had been arguing about whether Appellant was too intoxicated to drive home. Rodrick Bright, Mackey's cousin, witnessed Appellant choke Mackey twice while she wheezed and gasped for breath. Mackey later told law enforcement that Appellant choked her to the point that she had difficulty breathing. She also told the paramedics that she had been choked.

Appellant was subsequently arrested and charged by indictment with assault by impeding breath or circulation. The punishment range was enhanced to habitual offender status by the inclusion of two sequential felony convictions. Appellant pleaded "not guilty" and the case proceeded to a jury trial. At trial, Mackey denied that Appellant choked her. She testified that Appellant punched her in the face several times and that she accused Appellant of choking her because she was angry. At the charge conference, Appellant requested the trial court include a

jury instruction for the offense of Class A misdemeanor assault. He argued that misdemeanor assault is a lesser included offense of assault by impeding breath or circulation. The trial court denied the instruction. The jury found Appellant "guilty" and assessed punishment at imprisonment for sixty years. This appeal followed.

**CHARGE ERROR**

In his sole issue, Appellant contends that the trial court erred by not instructing the jury on a lesser included offense, misdemeanor assault, in the jury charge.

**Applicable Law**

A two-step process is used to determine whether an appellant was entitled to an instruction on a lesser included offense. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). First, we determine whether the offense qualifies as a "lesser included offense" under Article 37.09 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006); *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). This is a question of law and does not depend on the evidence raised at trial. *Cavazos*, 382 S.W.3d at 382; *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). Under Texas Code of Criminal Procedure Article 37.09, an offense is a lesser included offense if (1) it is established by proof of the same or less than all of the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09.

If the offense is a lesser included offense under Article 37.09, we move to the second step and consider whether the evidence shows that if the appellant is guilty, he is guilty only of the lesser offense. *Cavazos*, 382 S.W.3d at 383. This second step is a question of fact and is based on all of the evidence presented at trial, regardless of whether it is weak, impeached, or contradicted. *Id.*

Although the threshold showing for an instruction on a lesser included offense is low—more than a scintilla of evidence—the evidence must establish that the lesser included offense is a valid and rational alternative to the charged offense. *See Hall*, 225 S.W.3d at 536. "[I]t is not

enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the fact finder to consider before an instruction on a lesser included offense is warranted." ***Bignall v. State***, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Meeting this threshold requires more than mere speculation; it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense. ***Cavazos***, 382 S.W.3d at 385.

A person commits the offense of assault-family violence by impeding breath or circulation if (1) he intentionally, knowingly, or recklessly causes bodily injury to another; (2) the victim was a member of the defendant's family; and (3) the offense was committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth. *See* ***Price v. State***, 457 S.W.3d 437, 442 (Tex. Crim. App. 2015); TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A)-(B) (West Supp. 2017); TEX. FAM. CODE ANN. §§ 7l.003, 71.005 (West 2014). "Family" is defined as individuals related by affinity, i.e., two individuals who are married to each other. *See* TEX. FAM. CODE ANN. § 7l.003; TEX. GOV'T CODE ANN. § 573.024(a)(1) (West 2012).

**Analysis**

At trial, Appellant's counsel requested that a lesser included offense instruction for a Class A misdemeanor assault be included in the jury charge. A person commits misdemeanor assault if he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. *See* TEX. PENAL CODE ANN. § 22.01(a)(1).

In his brief, Appellant argues that he was entitled to a lesser included offense instruction because his wife's injuries could have been caused in ways other than by impeding her breath or circulation. More particularly, he contends that the jury could have believed that Appellant hit his wife in the face, but did not choke her. Appellant contends that hitting Mackey in the face is a lesser included offense. However, assault by striking Mackey in the face is not established by proof of the same or less than all of the facts required to establish assault by "impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *See* TEX. CODE CRIM. PROC. ANN. art. 37.09; ***Price***, 457 S.W.3d at 442; ***Perkins v. State***, 12-15-00001-CR, 2016 WL 5800262, at \*4 (Tex. App.—Tyler Oct. 5, 2016, pet. ref'd) (mem. op., not designated for publication) (Class A

misdemeanor assault not a lesser included offense of assault-family violence by impeding breath or circulation because appellant's hitting wife with his fist was not established by proof of the same or less than all of the facts required to establish assault by "impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth").  A trial court is not required to instruct a jury on a lesser included offense where the conduct establishing the lesser offense is not "included" within the conduct charged.  *Irving v. State*, 176 S.W.3d 842, 846 (Tex. Crim. App. 2005) (holding simple assault by grabbing victim and falling on top of her not a lesser included offense of aggravated assault by striking victim with bat as charged in indictment). Thus, a Class A misdemeanor assault does not qualify as a lesser included offense of assault-family violence by impeding breath or circulation.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.09; *Sweed*, 351 S.W.3d at 68; *Perkins*, 2016 WL 5800262, at *4.

Consequently, we need not move to the second step of the analysis.  The trial court did not err when it denied Appellant's request that a lesser included offense instruction for Class A misdemeanor assault be included in the jury charge.  *See Perkins*, 2016 WL 5800262, at *4.  We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's single issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered October 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## OCTOBER 10, 2018

## NO. 12-18-00023-CR

**DEWEY DEWAYNE BARRETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1252-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*