Affirmed
and Memorandum Opinion filed October 6, 2009.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00337-CV

____________

 

CORNELL LYNN HOSEA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 410th
District Court

Montgomery County, Texas

Trial Court Cause No. 07-11-11120-CR

 



 

M E M O R A N D U M   O P I N I O N

Appellant Cornell Lynn Hosea appeals his
conviction for aggravated assault with a deadly weapon.  In two issues,
appellant contends the trial court erred in refusing to instruct the jury on a
lesser-included offense and in refusing to grant appellant=s motion for
continuance.  We affirm.

I.  Factual and Procedural Background








Deputy Juan Chapa, an officer with the Montgomery County
Constable=s Office, responded to a call for assistance from another officer making
an arrest on a highway.  At the scene, Deputy Chapa observed a female driver
and a male passenger, appellant; however, Deputy Chapa did not speak with
them.  The officers ended the traffic stop, and the driver and appellant were
permitted to leave the scene.  The driver=s vehicle, however, required tow
service, and Deputy Chapa called for a wrecker. 

Wrecker driver Stanley Cook arrived at the scene in response
to the call for a tow and towed the vehicle to a storage lot.  As Cook was
storing the vehicle, two men walked into the lot.  When Cook informed the men
that they were not allowed on the premises, one of the men pointed a gun at
Cook=s face and threatened to kill him if
he moved.  The other man then retrieved something from the vehicle, and the two
men left the premises. 

Cook called the police, and Deputy Chapa responded.  Cook
gave Deputy Chapa a description of the men.  Based on the description, Deputy
Chap believed one of the men could be appellant, whom he had encountered
earlier at the highway scene.  Deputy Chapa called the station and requested a
photo line-up that included a photograph of appellant from a prior booking. 
From the photo line-up, Cook identified appellant as the man who threatened
him. 

Based on Cook=s identification, Deputy Chapa located appellant nearby. 
Deputy Chapa did not recover a gun.  Appellant agreed to accompany Deputy Chapa
to the police station for further questioning.  Cook met Deputy Chapa at the
police station, where Cook spotted the appellant and confirmed that appellant
was the man who threatened him. 








Appellant was charged with aggravated assault with a deadly
weapon to which he pleaded Anot guilty.@  On the day voir dire was to commence, appellant moved for a
continuance on the basis that the photos used in the line-up had not been
turned over to the defense for inspection.  Appellant argued that the photos
were important to establishing his trial strategy before the voir dire
process.  The State asserted that police had not yet provided the photos to the
State, but that the photos would be available to appellant prior to the
presentation of evidence.  In response to the trial court=s questions, appellant=s counsel acknowledged that
identification was part of his trial strategy.

The trial court denied the motion for continuance and
instructed the parties not to address photo identification during voir dire. 
However, the State agreed to allow appellant to refer to identification issues
when addressing the venire panel.  The court then ruled that appellant would
have the opportunity to inspect the photos before any evidence was offered at
trial.

At trial, Cook testified about his encounter with appellant. 
Cook described how appellant pointed a gun at his face and threatened to kill
him.  Although Cook believed appellant had a real gun, Cook admitted on
cross-examination that the gun could have been a toy gun or a BB gun. 

At the close of evidence, the court reviewed a proposed jury
charge.  Appellant urged that there was an issue as to whether an actual gun
was involved and therefore requested that a lesser-included offense of assault
by threat  be included.  The State objected to its inclusion and the trial
court excluded this lesser-included offense from the jury charge.  The jury
found the appellant guilty of aggravated assault with a deadly weapon. 
Appellant pleaded Atrue@ to an enhancement paragraph, and the trial court sentenced
appellant to 22.5 years= confinement.

II.  Analysis

A.        Did the trial court abuse
its discretion when it excluded the lesser-included offense of simple assault
by threat in the jury charge?

In his first issue, appellant asserts that
the lesser-included offense of assault by threat was erroneously excluded from
the jury charge, which left the jury with the option of convicting appellant of
aggravated assault or finding him not guilty.








We review the trial court=s decision
regarding a lesser-included offense charge for an abuse of discretion.  Jackson
v. State, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005).  In making this
determination, we review all of the evidence presented at trial and consider
whether any evidence exists in the record that would permit a rational jury to
find that the defendant is guilty of only the lesser included offense.  Saunders
v. State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992) (per curiam); King
v. State, 17 S.W.3d 7, 21 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  Anything more than a scintilla of
evidence is sufficient to entitle a defendant to a lesser charge.  Bignall
v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994); King, 17 S.W.3d
at 21.  It is not enough for the jury to disbelieve evidence pertaining
to the greater offense; there must be some evidence directly germane to the
lesser-included offense for the fact-finder to consider before an instruction
on the lesser-included offense is warranted.  Hampton v. State, 109
S.W.3d 437, 441 (Tex. Crim. App. 2003); Dobbins v. State, 228 S.W.3d
761, 768 (Tex. App.CHouston [14th Dist.] 2007, pet. dism=d).

An offense is a lesser-included offense if Ait is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged.@  Tex. Code Crim.
Proc. Ann. art. 37.09 (Vernon
2008).  A defendant is entitled
to a jury instruction on a lesser offense in the jury charge under article
37.09 if (1) the elements of the lesser offense are contained within the proof
necessary to establish the charged offense as pleaded in the State=s indictment, and (2) the record
contains some evidence by which a jury rationally could conclude that if the
defendant is guilty, the defendant is guilty of only the lesser offense and not
the greater one.  See
Segundo v. State,
270 S.W.3d 79, 90 (Tex. Crim. App. 2008); Hall v. State, 225 S.W.3d 524,
528 (Tex. Crim. App. 2007).








To obtain a conviction for simple assault by threat, the State must
have established that the accused intentionally or knowingly threatened another
with imminent bodily injury.  Tex. Penal Code Ann. ' 22.01(a)(2) (Vernon 2003).  The key distinction
between simple assault by threat, as requested by appellant, and aggravated
assault is that an aggravated assault charge requires the State to establish
that appellant used a deadly weapon during the commission of the assault,
whereas a charge of simple assault by threat does not.  See Tex. Penal
Code Ann. '' 22.01(a)(2), 22.02(a)(2), 22.02(b)(2); Irving v. State, 176 S.W.3d 842,
845B46 (Tex. Crim.
App. 2005).  Neither party
disputes that the elements of the simple assault charge, as requested by
appellant, are contained
within the proof necessary to establish the charged offense of aggravated
assault, as required in the first prong of the analysis, because simple assault
constitutes a lesser-included offense of aggravated assault.  See
Irving, 176 S.W.3d at 845B46 (providing that
simple assault is a lesser-included offense of aggravated assault when the
conduct constituting the simple assault is the same conduct alleged in the
aggravated assault charge); Dobbins, 228 S.W.3d at 769 (confirming that
a simple assault charge constituted a lesser-included offense of an aggravated
assault charge).  Therefore, under the second prong, in order for appellant to
have been entitled to a charge on simple assault, the record must contain some
evidence directly germane to the lesser-included offense for a rational
fact-finder to conclude that appellant did not use a deadly weapon in
committing the assault.  See Dobbins, 228 S.W.3d at 769. 

Appellant asserts that Cook=s testimony contains some evidence to
raise a fact issue as to whether a gun was involved during the assault.  Cook
testified on direct examination about how appellant threatened to kill him and
pointed a gun at him.  However, appellant points to Cook=s testimony on cross-examination that
the gun could have been a toy gun or BB gun.  Appellant asserts that Cook=s testimony coupled with the State=s failure to recover a gun from
appellant is sufficient to constitute more than a scintilla of evidence that
appellant did not use a gun during the assault.








When, as in this case, a witness concedes the possibility
that a gun could have been a toy gun, the concession is regarded as impeachment
evidence.  See Wilhoit v. State, 638 S.W.2d 489, 499 (Tex. Crim. App.
1982) (holding that complainant=s testimony as to whether defendant used a real or fake gun
during an alleged aggravated rape operated as impeachment evidence and did not
entitle defendant to a jury charge with the lesser-included offense of rape). 
However, the testimony does not operate as direct, substantive evidence of a
lesser-included offense that a deadly weapon was not involved in the assault.  See
id. at 499.  Cook=s acknowledgment on cross-examination that the gun could have
been a toy gun operated as impeachment evidence against Cook=s credibility, but not as direct
substantive evidence that a gun was not used.  See Hampton, 109
S.W.3d at 441 (concluding that no affirmative evidence of the lesser-included
offense was presented for the jury=s consideration to warrant an
instruction when only evidence supporting proposition that no knife was used
was the State=s failure to recover a knife); Wilhoit, 638 S.W.2d at 499.  Absent
evidence affirmatively positing that a gun was not used, the jury could not
have convicted appellant on the lesser offense.  See Dobbins, 228 S.W.3d
at 769.  The record contains no evidence directly germane to the
lesser-included offense that would warrant a jury instruction on the
lesser-included offense of simple assault.  See id. (holding complainant=s testimony insufficient to warrant
an instruction of the lesser-included offense of simple assault with the
charged offense of aggravated assault).  Therefore, the trial court did
not abuse its discretion in excluding the lesser-included offense from the jury
charge.  Id.  Accordingly, we overrule appellant=s first issue.

B.        Did the trial court abuse
its discretion in denying appellant=s motion for continuance?

In his second issue, appellant asserts that the trial court
abused its discretion in denying his motion for continuance.  Appellant sought
the continuance on the day of voir dire, complaining that the State had not yet
fully complied with the trial court=s discovery order by producing the
photographs used in the photo line-up presented to Cook.  According to appellant,
the lack of discovery left him inadequately prepared to begin voir dire because
the unproduced photos related to trial strategy.  Appellant asserts that as a
result of the trial court=s denial, he was unable to question the venire panel and
intelligently use his peremptory strikes consistent with his trial strategy
that included issues of identification. 








When a party fails to disclose evidence under a court order,
and such failure is not willful, one available remedy is to grant a
continuance.  State v. LaRue, 152 S.W.3d 95, 100 (Tex. Crim. App.
2004).  We review a trial court=s denial of a motion for continuance for an abuse of
discretion.  Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App.
1996).  An abuse of discretion occurs when a court acts arbitrarily or
unreasonably, without reference to guiding rules or principles.  Montgomery
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  To establish that
the trial court abused its discretion in denying a motion for continuance, an
accused must show specific prejudice to his defense.  Renteria v. State,
206 S.W.3d 689, 699 (Tex. Crim. App. 2006).  Examples of specific prejudice
include unfair surprise, an inability to effectively cross-examine a witness,
and an inability to elicit crucial testimony from potential witnesses.  Janecka,
937 S.W.2d at 468. 

Appellant sought the continuance on the basis that without
the photos, he was inadequately prepared for voir dire.  When, as in this case,
an appellant contends that the denial of continuance rendered him unable to
adequately prepare for trial, appellant must establish specific prejudice to
his cause arising from the court=s ruling.  Heiselbetz v. State,
906 S.W.2d 500, 511B512 (Tex. Crim. App. 1995).  The bare assertion that counsel
did not have adequate time to conduct pre-trial activities, absent a showing of
specific and serious harm to the defense, is insufficient to establish abuse of
discretion.  Id. 








The record reflects that, when questioned by the trial court
prior to voir dire, appellant acknowledged that he already knew his trial
strategy would include raising issues as to identification.  See Renteria,
206 S.W.3d at 699 (affirming a trial court=s denial of continuance even though
the State delayed production of gang-related evidence because appellant
admitted he knew the murder was gang-related).  Appellant does not indicate how
he would have altered his voir dire had he been able to inspect the
photographs, especially when considering that the trial court noted appellant
could not discuss specific facts about the photo line-up in voir dire.  See
generally Lydia v. State, 109 S.W.3d 495, 497 (Tex. Crim. App. 2003)
(setting forth general rule that an attorney cannot attempt to bind a venire
member to a verdict based on a hypothetical set of facts).  The record reflects
that appellant inspected the photos before the presentation of evidence and
extensively questioned two of the State=s key witnesses about the photo
line-up on cross-examination.  See Janecka, 937 S.W.2d at 468
(determining no specific prejudice was shown warranting a continuance when
appellant failed to demonstrate inability to effectively cross-examine a
witness or when appellant was unable to demonstrate any unfair surprise during
trial stemming from limited time to inspect evidence prior to trial).  Finally,
the record also reflects that appellant elicited testimony from two of the
State=s witnesses who testified that the
photo line-up was potentially unfair.  See id. (determining no
specific prejudice was shown warranting a continuance when appellant failed to
demonstrate inability to elicit crucial testimony from potential witnesses). 
On this record, appellant has not demonstrated specific prejudice to his
defense arising from the trial court=s denial of the motion for
continuance.  See Janecka, 937 S.W.2d at 468; Heiselbetz, 906
S.W.2d at 512 (holding that the trial court did not abuse its discretion by
denying a motion for continuance because appellant did not allege that he was
unfairly surprised or unable to effectively cross-examine any witnesses in
order to demonstrate specific prejudice from the adverse ruling).  Therefore, the
trial court did not abuse its discretion in its denial of continuance.  See
Heiselbetz, 906 S.W.2d at 512.  Accordingly, we overrule appellant=s second issue.  

Having overruled each of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Kem
Thompson Frost

Justice

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).