Cynthia Ann ROBALIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00139–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 1, 2007.

Susan Ann Edwards, San Antonio, TX, for Appellant.

Stephen Christopher Taylor, Humble, TX, Renee Ann Mueller, District Attorney, Caldwell, TX, Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, Cynthia Ann Robalin, appeals a judgment that convicted her of making a false statement to obtain property valued at $20,000 or more but less than $100,000, a third-degree felony. *See* TEX. PEN.CODE ANN. § 32.32 (Vernon 2003). Appellant pleaded not guilty to the jury. The jury found her guilty and assessed punishment at three years in prison and a fine of $5,000. On appeal, appellant challenges the legal sufficiency of the evidence to sustain her conviction, and asserts that the trial court erred by denying her requested jury instruction on a lesser-included offense. We conclude that the evidence is legally sufficient to sustain appellant's conviction, but that the trial court erred by refusing to instruct the jury on the lesser offense of state jail felony false statement to obtain property. We therefore reverse the judgment and remand for a new trial.[1]

## Background

In May 2003, appellant purchased a used Pontiac Trans Am from the Caldwell Country auto dealership in Burleson County. Appellant's own credit was insufficient to obtain financing, so she offered her ex-husband, Lance Robalin, whom she had divorced fourteen years ago, as co-borrower. In the primary borrower section of

---

1. Because we are remanding for a new trial, we need not address appellant's further complaints that the trial court erred (1) by allowing the State, over defense objection, to admit evidence under the business records exception to the hearsay rule; (2) by denying appellant's motions for continuance and to quash the indictment; (3) by admitting evidence of an extraneous offense committed by appellant; and (4) by admitting, in the punishment phase of trial, photographs of injuries to appellant's son that were purportedly caused by appellant. We also do not need to address appellant's challenge to the factual sufficiency of the evidence to sustain her conviction.

the dealership's joint application for credit, appellant supplied her address and home phone number claiming that they were Lance's, provided his correct Social Security Number and employment information from his previous job, and gave his 2001 W–2 form to the dealership as proof of income.

Appellant's boyfriend, Kevin Fox, went with her to the dealership to pick up the vehicle. Fox signed Lance's name to the credit application, and appellant signed her own name. Fox also signed Lance's name to an Application for Texas Certificate of Title and two other finance documents. When asked for identification, Fox did not provide any, claiming that he had left his wallet at work when appellant picked him up. Fox promised the dealership's finance manager that he would fax the information to him as soon as he got back to work.

Two days after the car was taken from the dealership, Lance received a telephone call from the dealership asking him to finish the paperwork for the loan application. Until that phone conversation, he was not aware that the transaction had taken place. Lance reported the misuse of his identity to the auto dealership and to the local police department. Upon checking his credit report, Lance discovered that the report included several credit inquiries from auto dealerships in Texas. When the dealership employees contacted appellant about the problems with the credit documents, appellant returned the car to the dealership, and was later charged with False Statement to Obtain Property.[2]

In her defense at trial, appellant testified that Lance had allowed her to use his name but that he was now denying it because his current wife had gotten angry about his involvement. Appellant also contended that the car dealership was aware that Fox was not Lance and that dealership employees had suggested the misuse of Lance's signature so that the sale of the car could take place immediately.

### Evidence Concerning Value of Car

The evidence concerning the value of the car came in the form of witness testimony and documents. One of the documents is the Application for Texas Certificate of Title that lists the sales price for the car at $20,099, plus tax of $1,261.81. Another document is a "RETAIL INSTALLMENT SALE CONTRACT SIMPLE FINANCE CHARGE" (the Retail Contract) that shows that the unpaid balance owed for the car is $19,125.81, which is the amount due for the car after crediting appellant's $2,325 payment.[3]

**2.** Fox was also charged. As part of an agreement with the State, Fox entered a plea of no contest to charges of forgery and false statement to obtain property or credit relating to his role in appellant's acquisition of the automobile.

**3.** The "RETAIL INSTALLMENT SALE CONTRACT SIMPLE FINANCE CHARGE" shows, as follows:

**ITEMIZATION OF AMOUNT FINANCED**

| | |
|---|---|
| 1. Cash Price (including any accessories, services, and $1261.81 sales tax) | $21450.81 (1) |
| 2. Total Downpayment = | |
| ... | |
| + Cash | $ 2325.00 |
| ... | |
| (If total downpayment is negative, enter "0" and see 4 A below) | $ 2325.00 (2) |
| 3. Unpaid balance of Cash Price (1 minus 2) | $19125.81 (3) |
| 4. Other Charges Including Amounts Paid to Others on Your Behalf | |
| ... | |
| G. Government License and/or Registration Fees (Describe) | $ 2.50 |
| H. Government Certificate of Title Fees | $ 13.00 |

It is undisputed that at the time that appellant took possession of the Trans Am, she tendered a check for $2,325 to the dealership. However, the evidence was inconsistent regarding whether the $2,325 payment by appellant was for a down payment for the car or, instead, for the warranty for the car. As noted above, the Retail Contract shows that the $2,325 was for a cash down payment for the car. Additionally, in their testimony at trial, appellant referred to her payment as a "down payment check" and William Moore, a salesman at the dealership, testified that appellant "put down a percentage of the vehicle that was financed." When specifically asked whether the amount that appellant tendered was for the warranty, Moore replied, "I wasn't aware of that." In contrast, Scott Bruce, the dealership's finance manager at the time of the transaction, testified that the payment by appellant was for the warranty for the car. Bruce explained that "the bank would only finance the value of the vehicle, and the warranty was over the value of the vehicle."[4]

### Legal Sufficiency

In her fourth issue, appellant contends that the evidence is legally insufficient to establish her guilt because the State (1) failed to prove that the value of the vehicle was $20,000 or more, and (2) failed to prove that appellant falsely informed the dealership that Fox was named Lance Robalin. *See Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App.1996) (holding that appellate courts should first address legal sufficiency claims which, if sustained, would result in acquittal). In assessing legal sufficiency, we consider the entire trial record to determine whether, viewing the evidence in the light most favorable to the verdict, a rational jury could have found the accused guilty of all essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App.2000). In conducting our review of the legal sufficiency of the evidence, we do not reevaluate the weight and credibility of the evidence, but ensure only that the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App. 1993).

To prove third-degree felony false statement to obtain property, the State must prove that a defendant "intentionally or knowingly [made] a materially false or misleading written statement to obtain property ... for himself or another[,]" and that the value of the property is more than $20,000 but less than $100,000. Tex. Pen. Code Ann. § 32.32(b), (c)(5). Appellant was indicted for making a false statement to obtain the Trans Am. We therefore look

| | |
|---|---|
| . . . | |
| K. Documentary Fee (Cargo Documental) Paid to Seller | $ 50.00 |
| . . . | |
| I. Other Charges ... to SGI SERV for SVC CONT | $ 2300.00 |
| . . . | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | $ 2413.75 (4) |
| 5. Amount Financed (3 + 4) | $21539.50 (5) |

**4.** A third finance document shows the sales price at $20,189.00, which is the amount of the initial price of $19,900, plus fees for "HAZ–ROAD" at $199, and "PROTECTION PLUS" at $90. The amount is further increased to $23,864.56 by the addition of $1261.81 for taxes, $48.25 for ad valorem tax, $50 for a documentary fee, $15.50 for transfer and title fees, and $2300 for a warranty fee. The $2,325 paid by appellant is then subtracted from $23,864.56 for a total due of $21,539.56.

to the value of the property and not to the value of the credit in determining the sufficiency of the evidence.[5]

■ We determine value for the purposes of section 32.32 by looking to the fair market value of the property at the time and place of the offense. *Id.* § 32.02(a)(1). Fair market value is the amount the property would sell for in cash, giving a reasonable time for selling it. *Keeton v. State,* 803 S.W.2d 304, 305 (Tex.Crim.App.1991) (construing section 31.08(a)(1) of Penal Code, value provision of Theft chapter, which is identical to section 32.02(a)(1)). Retail price is one method of proving fair market value. *Id.; see also Stephens v. State,* 377 S.W.2d 189, 190 (Tex.Crim.App. 1964) (finding amount listed on price tag to be sufficient evidence of fair market value). "No one method has ever been held to be exclusive." *Keeton,* 803 S.W.2d at 305. "Use of various methods to show fair market value is certainly due to the necessity for flexibility because of the various circumstances" from which an offense may arise. *Id.*

The value of the property is reduced by any payments made by the defendant for the property. TEX. PEN.CODE ANN. § 32.02(d). The Penal Code states, "If the actor proves by a preponderance of the evidence that he gave consideration for or had a legal interest in the property or service stolen, the amount of the consideration or the value of the interest so proven shall be deducted from the value of the property or service ascertained[.]" *Id.*

■ Viewing the evidence in a light most favorable to the trial court's verdict, the Application for Texas Certificate of Title shows the sales price of the car was $20,099, plus sales tax. Further viewing the evidence in a light most favorable to the trial court's verdict, the jury could have chosen to believe Bruce's testimony that the $2,325 payment by appellant was for the warranty for the car rather than for the car itself. The $2,325 payment by appellant, therefore, would not have reduced the amount owed for the car, which sold for a sales price of $20,099, according to the Application for Texas Certificate of Title. We conclude that the evidence, when viewed in a light most favorable to the trial court's verdict, would permit a rational jury to find beyond a reasonable doubt that the property had a value greater than $20,000. *See Keeton,* 803 S.W.2d at 305.

■ Further viewing the evidence in a light most favorable to the verdict, the record shows that appellant made a false written statement to obtain the property. A Caldwell Country employee testified that either he fills out the Joint Express Application or the customer does, and that the application in evidence was not in his handwriting. That document contained Lance's incorrect address, his prior employment information, and Fox's forged signature. In addition, appellant's signature on the application for title certified "that all statements in this document are true and correct to the best of my belief." That document also contained Fox's signature as Lance Robalin, which appellant knew to be false. Thus, with the evidence viewed in a light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that appellant made a materially false written statement

---

5. The indictment alleged that appellant: did then and there intentionally or knowingly make a materially false or misleading written statement to Scott B. Bruce, namely that Kevin Lee Fox was a person named Lance Robalin on a GMAC financial Services Credit/Lease Application and other purchase documents with the intent to obtain property, namely, a Pontiac Trans Am motor vehicle[.]

to obtain property by filling out and signing the fraudulent joint application for credit and the application for title. *See King*, 29 S.W.3d at 562. We hold that the evidence is legally sufficient to establish appellant's guilt for false statement to obtain property valued over $20,000.

We overrule appellant's fourth issue.

## Lesser Included Offense

■ Appellant's first issue challenges the trial court's refusal of her requested jury instruction on a lesser-included offense. Appellant contends that some evidence shows that the value of the car was less than $20,000 and that the jury should therefore have been charged on the lesser offense of false statement to obtain property or credit of $1,500 or more but less than $20,000, a state jail felony. *See* TEX. PEN. CODE ANN. § 32.32(c)(4). The trial court denied appellant's requested instruction, finding "no evidence of a value less than $20,000."

■■ Upon request, an instruction on a lesser-included offense "should be included in the jury charge only if (1) the requested charge is a lesser-included offense of the charged offense, and (2) there is some evidence that, if the defendant is guilty, she is guilty only of the lesser offense." *Hayward v. State*, 158 S.W.3d 476, 478 (Tex.Crim.App.2005). The first prong is met here because the only difference between the offense of which appellant was convicted and the charge that she requested from the trial court is the value of the property. *See Pickens v. State*, 165 S.W.3d 675, 679 (Tex.Crim.App.2005) ("The greater offense, when properly alleged, necessarily includes all the lesser included offenses whether each of their constituent elements are alleged in the wording of the indictment on the greater offense or not.") (quoting *Allison v. State*, 618 S.W.2d 763, 764 (Tex.Crim.App.1981)).

Under the second prong, we must examine the record to determine if there is some evidence that, if the defendant is guilty, she is guilty only of the lesser offense. *See Hayward*, 158 S.W.3d at 478. Our task is therefore to determine whether any evidence raises a fact issue that the value of the property obtained was less than $20,000. *See Lofton v. State*, 45 S.W.3d 649, 652 (Tex.Crim.App.2001) (holding that charge on lesser-included offense not required when defendant presents no evidence or presents evidence that no offense was committed).

As noted above, we determine value for the purposes of section 32.32 by looking to the fair market value of the property at the time and place of the offense. TEX. PEN.CODE ANN. § 32.02(a)(1). Fair market value is the amount the property would sell for in cash, giving a reasonable time for selling it. *Keeton*, 803 S.W.2d at 305. Further, appellant's evidence that she made a payment for the car requires that we deduct that amount from the ascertained value of the property. *See id.* § 32.02(d).

Assuming the jury believed the testimony of appellant and Moore, and considered the Retail Contract, the jury could have determined that the $2,325 payment by appellant was a down payment for the car, rather than a payment for the warranty for the car. Under that circumstance, the unpaid balance that appellant owed for the car is $19,125.81, according to the Retail Contract. This evidence constitutes some evidence that the value of the car was under $20,000. *See Ray v. State*, 106 S.W.3d 299, 302 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (holding that trial court erred in refusing to instruct jury on lesser offense of state jail felony theft when owner's testimony acknowledged that value for vehicle could fluctuate to as low as $19,999, which was amount in state

jail felony punishment range, or as high as $24,000, which was amount in third degree felony punishment range). We hold that the trial court erred by failing to instruct the jury on the lesser offense because there was some evidence in the record that the value of the property was under $20,000.

When a trial court improperly refuses a requested instruction on a lesser-included offense, such that the jury is left with the sole option of either convicting the defendant or acquitting him, a finding of harm is essentially automatic. *Ray,* 106 S.W.3d at 303. Appellant was sentenced to three years in prison; had she been found guilty of the lesser offense, she could have been in state jail for a maximum of two years. *See* TEX. PEN.CODE ANN. §§ 12.34, 12.35 (Vernon 2003).

We hold that appellant was entitled to an instruction on the lesser-included state jail felony offense. We sustain appellant's first issue.

### Conclusion

We reverse the conviction and remand to the trial court.