Concurring opinion issued September 18, 2009

 

 

 

 

 

                                                                        



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-07-00718-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



TIMOTHY LEE RILEY, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1087455 

 



CONCURRING OPINION

          In
his sixth issue, appellant contends that the evidence is legally insufficient
to support his conviction for aggregate theft of over $20,000 because the
undisputed evidence demonstrates that he partially performed the work described
in each contract, and the value of his partial performance offsets the amounts
paid to him by the complaining witnesses under the contracts.  Thus, he contends, the State failed to show
beyond a reasonable doubt that he stole an amount exceeding $20,000.  In its analysis, the majority expressly
refuses to apply an offset for work appellant performed in analyzing whether the
evidence supports a finding that the amount appellant stole exceeds $20,000.  I disagree with the majority’s reasoning that
appellant is not entitled to an offset for consideration he gave as partial
performance on the construction contracts in determining the overall loss to
the complainants, given that the record contains undisputed evidence to support
it.  I nevertheless concur in the
judgment, because a reasonable jury could have found that appellant appropriated
property in an amount that exceeds $20,000, even after deducting the value of
work appellant performed under the contracts.                 

          Appellant
complains that the value of the property appropriated is not clear beyond a
reasonable doubt.   Like the majority, I interpret this issue as a
challenge to the legal sufficiency of the evidence.  See Markey
v. State, 996 S.W.2d 226, 229 (Tex. App.—Houston [14th Dist.] 1999, no
pet.).  A review of the evidence in a
light favorable to the jury’s verdict reveals sufficient evidence to support
the verdict, even considering an offset for work appellant performed.  See Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas
v. State, 175 S.W.3d 795, 798 (Tex.
Crim. App. 2005).  

The evidence shows that appellant received
a total of $44,983 from the four complainants. 
This amount, however, does not account for the work done by Riley for
each complainant.  Thus, we cannot accept
this amount as the unassailable value of the stolen property, particularly
here, where the amounts paid were admittedly pursuant to construction
contracts, and the evidence shows that appellant performed at least some of his
contractual obligations.  See Robalin
v. State, 224 S.W.3d 470, 475 (Tex.
App.—Houston [1st Dist.] 2007, no pet.) (“The value of the property is reduced
by any payments made by the defendant for the property.”).  Under Chapter 31 of the Texas Penal Code,
which governs theft offenses, determination of the stolen property’s “value” requires
an offset for consideration provided. 
Section 31.08(d) states:

If the actor proves by a preponderance of the evidence
that he gave consideration for or had a legal interest in the property or
service stolen, the amount of the consideration or the value of the interest so
proven shall be deducted from the value of the property or service
ascertained[.]

 

Tex. Penal Code Ann. § 31.08(d) (Vernon 2003).  The work appellant performed at each worksite qualifies
as an amount to “be deducted from the value of the property.”  Id.   As appellant produced evidence of such offsets
at trial, and the complaining witnesses each testified about the work appellant
actually performed, we cannot ignore them in our sufficiency analysis.  Neither can we use testimony about amounts
the complaining witnesses paid to “cover” the breach of their agreements by
hiring another contractor or completing the work themselves.  These contract principles are not to
determine a value stolen, but instead are expectancy remedies, intended to
allow the non-breaching party the benefit of his bargain.  The Texas
criminal statue, however, has a restitution theory in mind:  the amount (or fair market value) stolen,
less any amount received.  The amount
needed to “cover” the work left under the contract can be evidence of the fair
market value of the work left undone, but not of the amount stolen (which in
this case was cash), or of the fair market value of the work partially
performed.

          Little
authority exists interpreting Section 31.08(d), but its importance is
particularly evident in construction cases. 
In Stockman v. State, for
example, the appellant, a home builder, took money from the complainant with
the understanding that the money would be used to buy appliances.  Stockman
v. State, 826 S.W.2d 627, 630–632 (Tex. App.—Dallas 1992, pet. ref’d).   The
appellant kept the money but never furnished the appliances.  Id. at 634.  The court acknowledged a “very decided
conflict as to who is the actual owner of the money” because each party claimed
that profits were earned by the appellant at a different point in the
construction process.  Id.
at 635.  The appellant had completed
eighty-five to ninety percent of the construction.  Id. at
636.  The Dallas Court of Appeals ultimately
did not reach the offset issue because it held that the evidence was
insufficient to conclude that the defendant had an intent to deprive the complainant
of the money, but the court observed that the value stolen had to be measured
by something other than just the contract price if the evidence showed partial
performance.  Id.
 Just as in Stockman, appellant here received money from complainants with a
promise that he would complete certain work, but he did not finish it.  In these circumstances, before concluding
that the evidence supports a finding that appellant stole an aggregate amount
over $20,000, we must determine whether the evidence supports the jury’s
finding that appellant did not have a right to keep the money the complainants
paid to him under the contracts based on work he had completed. 

          It
is undisputed that appellant did not perform the entirety of the complainants’
jobs, but he completed the Thomassons’ frame and slab; the Kreneks’ frame and
part of the siding; the Manderscheids’ frame and slab; and the Friends’
frame.  Appellant received payments for
this work.  But, he also received
payments that were not associated with the completion of any work done—labeled
in the contracts as “deposits” and “startup costs”. Appellant received $1,600
as a deposit from the Thomassons; $3,298 as a deposit and $2,349 as startup
costs from the Kreneks; $2,021 as a deposit and $6,952 as startup costs from
the Manderscheids; as well as $2,525 as a deposit and $3,325 as startup costs
from the Friends.  Appellant did not
refund these amounts, or any of the $44,983 paid to him, when he walked off the
jobs.  In reviewing the contracts, admitted
into evidence as State exhibits, a rational jury could have concluded that the
complainants received nothing in exchange for these amounts, and thus that
appellant unlawfully appropriated them.  Even accounting for the evidence that the complainants received partial
construction work in exchange for the over $44,000 they paid to appellant, the complainants
paid an aggregate amount of $22,070 in deposits and startup costs.  A reasonable jury could have concluded the
complainants received no value in exchange for those amounts when the work went
uncompleted—a conclusion that yields a total value in excess of $20,000 as required
to sustain the conviction.  Thus, even
reflecting the consideration appellant provided, by deducting the money he received
upon completion of particular stages of the contract from the total amount paid
to him—as section 31.08(d) requires—the evidence, when viewed in a light
favorable to the verdict, supports a finding that appellant stole an aggregate
amount exceeding $20,000.

Conclusion

          Section
31.08(d) requires that the value of consideration given be deducted from the
value of the property appropriated in determining the aggregate value of a
theft.  In analyzing the state of the
evidence, the appellant thus is entitled to an offset for the value of the work
he undisputedly performed on each job site in determining the overall value
stolen.  He is not criminally liable
under a contractual benefit-of-the-bargain theory—the statute simply examines
value taken less value given.  Neither the
contract amount nor contractual cover suffices to establish the aggregate value
of the theft.  The evidence presented
here, however, permitted a rational jury to conclude that the value stolen, even
after deducting the undisputed value of consideration given, exceeds $20,000.  I therefore concur in the judgment of the
court.

                                                

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Bland,
Sharp, and Taft.

Justice Bland, concurring.