**Ronald Eugene WORTHAM, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–11–00231–CR.**

Court of Appeals of Texas, Beaumont.

Submitted March 20, 2012.

Decided May 9, 2012.

Dan P. Bradley, Houston, for appellant.

Richard N. Countiss, Crim. Dist. Atty., Coldspring, for state.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

A jury convicted Ronald Eugene Wortham, Jr. of injury to a child, and the trial court sentenced Wortham to forty years in prison. Wortham challenges the sufficiency of the evidence to support his conviction and the trial court's denial of his request for jury instructions on lesser-included offenses. Because the evidence supports the jury verdict and the trial court did not err in denying the request on this record, we affirm the judgment of the trial court.

### BACKGROUND

Wortham lived with C.G. and C.G.'s two-year-old daughter C.B. In March 2010, C.B. was admitted to the emergency room. She was in full cardiac arrest, had no respiration, pulse, or blood pressure, and was unresponsive. C.B. had an acute subdural hematoma, hypoxic ischemia, intraventricular hemorrhaging, and static epilepticus seizures. She needed an endotracheal tube to help her breathe.

Detective Katherine Wick testified she was dispatched to the hospital. At the hospital, Wick observed that C.B. had a busted lip, the back of her head and her ear were swollen, and she was on a breathing machine. Wick suspected child abuse. Texas State Trooper Christopher Richmond, Deputy Jason Bell, and Detective Darryl LaMott each testified that Wortham claimed C.B. had been sleeping and that he later found C.B. with a plastic bag on her face. In his explanation to LaMott, Wortham stated that he removed the bag and then noticed that C.B. was not breathing. He attempted to revive her by tapping her on the face and shaking her. Wick searched C.G.'s house and found plastic bags that contained various items, but Wick did not find an empty plastic bag lying on the floor.

Dr. Sunil Kumar Saraf testified that neither a plastic bag nor suffocation would have caused a subdural hematoma. Dr. George Boutros, a radiologist, testified that there is no reasonable medical probability that a plastic bag blocking C.B.'s airway could have caused her injuries. He testified that an acute subdural hematoma causes seizures that restrict air flow to the brain. He explained that C.B.'s air flow was impaired and she needed an endotracheal tube to breathe. Dr. Sheela Lahoti, a medical doctor and an associate professor of pediatrics, testified that a bag on C.B.'s face would not explain the bleeding in her brain. Lahoti explained that a person who has been suffocated does not usually have bleeding in the brain, but that the effect on the brain is the same as suffocation when a child is knocked unconscious and stops breathing. Lahoti testified that suffocation, as she would use the term, did not cause C.B.'s injuries, but Lahoti also explained that "blood in [the child's] head" interrupts the child's normal ability to breathe, which causes a lack of appropriate blood flow and oxygen to the brain.

Lahoti found that, given C.B.'s subdural hemorrhage, retinal hemorrhages, and multiple bruises, C.B.'s injuries were "highly concerning for nonaccidental trauma." Based on the blood in C.B.'s brain and eyes and no explanation for any trauma, Lahoti concluded that C.B. suffered from nonaccidental head trauma. Saraf testified that C.B.'s injuries could be caused accidently, but he saw no evidence of accidental trauma, nor did he find any indication of a birth defect that could have caused C.B.'s injuries. Boutros did not believe that a fall or birth defect would cause C.B.'s injuries. Lahoti testified that C.B.'s hematoma occurred within forty-eight hours of the "CAT scan finding," and that someone caused C.B.'s injuries.

Because C.B. suffered injuries to both sides of her brain, Boutros concluded that C.B. had been shaken. Saraf explained that shaken baby syndrome occurs when a "[y]oung child is shaken vigorously with rapid acceleration that can cause [ ] trauma[,]" including a subdural hematoma, brain hemorrhaging, and long bone fractures. He testified that, although he cannot diagnose shaken baby syndrome in the emergency room, he could not say that shaken baby syndrome was not the cause of C.B.'s injuries. Lahoti testified that signs of shaken baby syndrome include a subdural hemorrhage and bleeding in the ventricles. Both were present here.

Saraf explained that an acute injury would be present within an hour of the injury. Lahoti testified that a person with the types of injuries suffered by C.B. would immediately show symptoms, such as seizures, decreased level of consciousness, disorientation, nausea, vomiting, or difficulty walking. Saraf, Boutros, and Lahoti testified that C.B.'s injuries created a substantial risk of death to C.B. and

created a protracted loss or impairment to her bodily members or organs. Lahoti believed C.B. would have died without a breathing tube and immediate medication.

Social worker Kristen Soudelier testified that she took a statement from C.G. (the child's mother), in which C.G. stated that C.B. had fallen and injured her mouth the day before the offense. C.G. also stated that C.B. bruises easily. C.G. last saw C.B. when Wortham drove C.G. to work. There is evidence in the record that Wortham was babysitting C.B. that day. C.G. told Soudelier that she has never had concerns about Wortham's treatment of C.B., and she denied any history of domestic abuse. Wortham's sister testified that she has never seen Wortham abuse her two children, his two biological children, or C.B. She testified she would feel safe leaving her children with Wortham. Wortham's ex-wife testified that she never saw Wortham abuse their two children or C.B.

## SUFFICIENCY OF THE EVIDENCE

■ In issue one, Wortham challenges the sufficiency of the evidence to support his conviction for injury to a child. The "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App.2010). We assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v.*

*State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper,* 214 S.W.3d at 13.

The indictment alleged that Wortham intentionally or knowingly caused serious bodily injury to C.B., a child fourteen years of age or younger, by shaking C.B. and restricting her airflow causing suffocation. *See* Tex. Penal Code Ann. § 22.04(a)(1) (West Supp.2011).[1] The jury charge tracked this language. The term "suffocate" means to "deprive of oxygen by any means." Webster's Third New International Dictionary 2285 (2002). Wortham contends the State failed to establish suffocation.

The jury heard evidence that a plastic bag on C.B.'s face would not have caused her injuries and that her injuries were not accidental. Boutros testified that C.B.'s injuries resulted from being shaken. In fact, the jury heard testimony that subdural hematoma and brain hemorrhaging, from which C.B. suffered, are signs of shaken baby syndrome. Doctors explained that C.B.'s subdural hematoma caused seizures that restricted the flow of blood and oxygen to the brain. Lahoti testified that someone had caused C.B.'s injuries within forty-eight hours of the CAT scan finding. The doctors testified that a person with C.B.'s injuries would immediately show signs of trauma. According to the record, Wortham was the only person who had been with C.B. within the hours before he took her to the emergency room. The doctors testified that

---

1. Because the amendments to section 22.04 are not material to this case, we cite to the current version of the statute.

C.B.'s injuries created a substantial risk of death to C.B.

As judge of the weight and credibility of the testimony, the jury could reasonably believe that Wortham deprived C.B. of oxygen by shaking C.B., which caused a subdural hematoma that ultimately led to restriction of airflow to C.B.'s brain and prevented her from being able to breathe without an endotracheal tube. *See Hooper*, 214 S.W.3d at 13. Viewing the evidence in the light most favorable to the verdict, the evidence is sufficient to show beyond a reasonable doubt that Wortham committed the offense of injury to a child. *See Jackson*, 443 U.S. at 318–19, 99 S.Ct. 2781; *Hooper*, 214 S.W.3d at 13; *see also* Tex. Penal Code Ann. § 22.04(a)(1). We overrule issue one.

Denial of Requested Jury Instructions

■ In issue two, Wortham challenges the trial court's denial of his requests for jury instructions on the lesser-included offenses of reckless injury to a child and criminally negligent injury to a child. He argues that the jury could have found he acted recklessly or with criminal negligence, rather than intentionally or knowingly.

■ Whether a lesser-included-offense instruction must be given involves a two-step analysis. *Sweed v. State*, 351 S.W.3d 63, 67 (Tex.Crim.App.2011). The first step requires a determination of "whether the lesser-included offense is included within the proof necessary to establish the offense charged." *Id.* at 68. In the second step, the reviewing court determines if there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *See id.* The reviewing court considers all of the evidence admitted at trial, not just the evidence that the defendant

presents. *Goad v. State*, 354 S.W.3d 443, 446 (Tex.Crim.App.2011). For a defendant to be entitled to a lesser charge, anything more than a scintilla of evidence is sufficient. *Id.* We do not consider the credibility of the evidence, nor whether it is controverted or conflicts with other evidence. *Id.* at 446–47.

■ A trial court need not instruct a jury on a lesser-included offense when the conduct establishing the lesser offense is not included within the facts required to prove the charged offense. *Irving v. State*, 176 S.W.3d 842, 846 (Tex.Crim.App. 2005). In *Thompson v. State*, 227 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd), the trial court denied appellant's request for a charge on the lesser-included offense of recklessly causing bodily injury to a child. *Id.* at 162. The Court stated that "[w]hat appellant fails to recognize ... is that while recklessly causing bodily injury to a child may be a lesser included offense of intentionally and knowingly doing so, [appellant] is asking for a lesser included offense instruction based on facts not required to establish the commission of the offense charged." *Id.* at 163. The indictment alleged that Thompson intentionally or knowingly caused serious bodily injury to R.C. by holding her feet in hot water. *Id.* He argued on appeal that the evidence that he placed the child on the side of the tub and that she burned her feet as the water filled the tub supported a reckless charge. *Id.* at 163–64. The Court held that because the conduct constituting the offense charged was different from the conduct constituting the offense of the requested charge, recklessly injuring R.C. was not a lesser-included offense of intentionally or knowingly doing so, and the court was not required to instruct the jury on recklessness. *Id.* at 164 (citing *Irving*, 176 S.W.3d at 846).

Wortham contends that the record contains evidence that a plastic bag was on C.B.'s face and she was unresponsive. LaMott testified Wortham stated he shook C.B., but only to revive her. The inference is that the child stopped breathing as a result of the bag on her face. Essentially, Wortham suggests that different alleged conduct by him supported submission of instructions on lesser-included offenses. But no medical evidence supports this version of injury, and the State has not attempted to prove the child suffered injury from being suffocated by a bag. In fact, the medical evidence establishes C.B. was not suffocated by a bag but went into a coma as a result of bleeding in the brain. We conclude in this case, as in *Thompson v. State*, that the conduct constituting the offense charged was different from the conduct constituting the offense of the requested charge. The first requirement—that the lesser-included offense is included within proof necessary to establish the offense charged—is not satisfied.

Even when the first requirement is satisfied, there must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Sweed*, 351 S.W.3d at 68. "The evidence must establish the lesser-included offense as 'a valid rational alternative to the charged offense.'" *Id.* at 68 (quoting *Segundo v. State*, 270 S.W.3d 79, 90–91 (Tex. Crim.App.2008)). It is not enough that the jury may disbelieve crucial evidence relating to the greater offense; there must be some evidence directly germane to the lesser offense before an instruction on a lesser-included offense is warranted. *Sweed*, 351 S.W.3d at 68. If the trial court instructed the jury on a lesser-included offense not raised by the evidence, the instruction would be "an invitation to the jury to reach an irrational verdict." *See Arevalo v. State*, 943 S.W.2d 887, 889–90 (Tex.Crim.App.1997), *overruled on other grounds by Grey v. State*, 298 S.W.3d 644, 649–51 (Tex.Crim.App.2009).

The medical evidence established that the child sustained a very severe brain injury resulting in bleeding, seizure, and coma. The injury caused the child not to breathe normally and restricted airflow to the brain. The child had bleeding in the brain, bleeding in the eyes, various bruises, and other injuries. She had swelling to the back side of the head and to the ear, and a split lip. There is no medical evidence that the bag on her face caused the brain injury. Wortham did not claim that he violently shook the child to revive her, and that she then stopped breathing. On this record, a jury could not rationally find that the brain injury resulting in loss of airflow was caused by the alleged contact with the bag or an alleged effort to revive the child. To have submitted the requested instructions on lesser-included offenses on this record would have invited the jury to reach an irrational verdict. *See id.; see also Sweed*, 351 S.W.3d at 68. The trial court did not err in denying the requests. Appellant's issue two is overruled. The trial court's judgment is affirmed.

AFFIRMED.

STEVE McKEITHEN, Chief Justice, dissenting.

I respectfully dissent. Whether a lesser-included offense instruction should be included in the jury charge depends on a two-part analysis. *Sweed v. State*, 351 S.W.3d 63, 67 (Tex.Crim.App.2011). First, it must be determined whether the lesser-included offense is included within the proof necessary to establish the charged offense. *Id.* at 68. Wortham contends that the record contains evidence that he did shake C.B., but not with intent to harm

her. His request for lesser-included offense instructions stems from the same conduct as that alleged in the indictment, *i.e.,* shaking. *Irving v. State,* 176 S.W.3d 842, 846 (Tex.Crim.App.2005). Accordingly, reckless injury to a child and criminally negligent injury to a child are established by proof of the same or less than all the facts required to establish the commission of intentional or knowing injury to a child. *See* Tex.Code Crim. Proc. Ann. art. 37.09(1) (West 2006); *see also Irving,* 176 S.W.3d at 846. Moreover, these two offenses differ from the charged offense only in the respect that a less culpable mental state suffices to establish their commission. *See* Tex.Code Crim. Proc. Ann. art. 37.09(3) (West 2006). Under these circumstances, I believe that reckless injury to a child and criminally negligent injury to a child are lesser-included offenses of intentional or knowing injury to a child.

Second, the appellate court must consider whether there is some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Sweed,* 351 S.W.3d at 68. The record must contain some evidence that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.* "The evidence must establish the lesser-included offense as 'a valid rational alternative to the charged offense.'" *Id.* (quoting *Segundo v. State,* 270 S.W.3d 79, 90–91 (Tex.Crim. App.2008)). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App. 1994). This standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Id.* If evidence from **any source** raises a defensive issue or raises an issue that a **lesser-included**

offense may have been committed, and an instruction is properly requested, the issue must be submitted to the jury. *Id.* at 69.

A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tex. Penal Code Ann. § 6.03(c) (West 2011). A person is criminally negligent when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. *Id.* § 6.03(d). In either case, there must be a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. *Id.* § 6.03(c), (d).

There is more than a scintilla of evidence from which the jury could rationally conclude that either reckless injury to a child or criminally negligent injury to a child is a valid alternative to the offense of intentional or knowing injury to a child. *See Sweed,* 351 S.W.3d at 68. Evidence that Wortham shook C.B. in an attempt to revive her is directly germane to whether Wortham lacked intent to commit the charged offense. *See Goad v. State,* 354 S.W.3d 443, 447 (Tex.Crim.App.2011). This evidence raises a fact question regarding whether Wortham intended to harm C.B. by shaking her or whether he (1) was aware of, but consciously disregarded a substantial and unjustifiable risk that C.B. would suffer harm, or (2) failed to perceive a substantial and unjustifiable risk that C.B. would suffer harm. *See Sweed,* 351 S.W.3d at 69; *see also Gay v. State,* 235 S.W.3d 829, 833 (Tex.App.-Fort Worth 2007, pet. ref'd). Under these circumstances, a rational jury could find that C.B.'s injuries resulted from Wortham's reckless or negligent actions and, thus, Wortham could have been guilty only of a lesser offense and not the greater offense of intentional or knowing injury to a child.

*See Sweed,* 351 S.W.3d at 69; *see also Goad,* 354 S.W.3d at 447–49; *Bignall,* 887 S.W.2d at 24; *Gay,* 235 S.W.3d at 833. Wortham was entitled to jury instructions on the lesser-included offenses of reckless and criminally negligent injury to a child.

A trial court's refusal to submit a lesser-included offense that was requested and raised by the evidence results in harm when that failure leaves the jury with the sole option to either convict the defendant of the greater offense or to acquit him. *Saunders v. State,* 913 S.W.2d 564, 571 (Tex.Crim.App.1995). The rationale is that " 'some' harm occurs because the jury was not permitted to fulfill its role as factfinder to resolve the factual dispute [regarding] whether the defendant committed the greater or lesser offense." *Id.* In this case, the jury was limited to either finding Wortham guilty of the greater offense of intentional or knowing injury to a child or acquitting Wortham of the greater offense. *See id.* Wortham received a forty-year sentence, which far exceeds the punishment range for either reckless or criminally negligent injury to a child. *See* Tex. Penal Code Ann. §§ 12.32, 12.33 (West 2011), §§ 12.35, 22.04(e), (g) (West Supp.2011); *see also Robalin v. State,* 224 S.W.3d 470, 477 (Tex.App.-Houston [1st Dist.] 2007, no pet.). For these reasons, I believe the trial court's refusal of Wortham's requested instructions on lesser-included offenses resulted in harm. *See Saunders,* 913 S.W.2d at 571. I would sustain Wortham's second issue, reverse the trial court's judgment, and remand this case for further proceedings consistent with this opinion.