

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00337-CR

**DONNIE LEROY KACHEL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-198-C1**

## DISSENTING  OPINION

I respectfully dissent from the majority's opinion because I believe that the trial court erred in denying Appellant Donnie Leroy Kachel's request for an instruction on the lesser-included offense of indecent exposure and that Kachel was harmed by such error.

A defendant's own testimony that he committed no offense, or testimony that otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense. *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001);

*Pollard v. State*, 392 S.W.3d 785, 803 (Tex. App.—Waco 2012, pet. ref'd). On the other hand, the defendant's denial of the commission of the charged offense does not automatically prohibit the inclusion of a requested jury instruction on a lesser-included offense. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). The Court of Criminal Appeals in *Bignall* expressly rejected such a rule:

> The court of appeals held that Appellant's evidence indicated he was not guilty of any offense, and therefore, an instruction on theft was unnecessary. . . . Under such an interpretation, anytime a defendant denies the commission of an offense, a charge on a lesser included offense will not be warranted. *This is clearly not the law of this state.*

*Id.* (emphasis added). Instead, citing *Aguilar v. State*, 682 S.W.2d 556 (Tex. Crim. App. 1985), the *Bignall* court reiterated that the correct test is as follows: "If a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing that he is guilty only of a lesser included offense*, then a charge on a lesser included offense is not required." *Bignall*, 887 S.W.2d at 24.

In this case, there is more than a mere denial of the commission of the offense. Here, in the portion of Kachel's videotaped interview that was admitted into evidence, Kachel denied committing any offense when he denied that he ever exposed himself. But in the interview, Kachel went further and also denied knowing that a child was present at all. In the interview, Kachel specifically said that he saw a woman pull into a driveway and get out of her car. When Don Marshall, the investigator with the McLennan County District Attorney's office, then asked Kachel if he saw anyone else with the woman, Kachel repeatedly denied seeing anyone else with her. The jury was free to believe these statements that Kachel did not see a child present and disbelieve

the rest of what he said. *See Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998) ("[A] jury is permitted to believe or disbelieve any part of a witness'[s] testimony, *including a defendant. . . .* [A] lesser included offense can be raised by any evidence *from any source* so long as a rational trier of fact could conclude from that evidence that a defendant is guilty only of that lesser included offense." (emphasis added)). And if the jury believed Kachel's statements that he did not see a child present and yet believed Katerina Jones's testimony that Kachel was walking around naked in the street while touching his genitals, the jury could rationally find that Kachel is guilty only of indecent exposure and not indecency with a child by exposure. *See* TEX. PENAL CODE ANN. §§ 21.08(a), 21.11(a)(2)(A) (West 2011); *Briceno v. State*, 580 S.W.2d 842, 844 (Tex. Crim. App. 1979). The trial court thus erred in denying Kachel's request for an instruction on the lesser-included offense of indecent exposure. *See Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007); *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).

The trial court's erroneous refusal to give a requested instruction on a lesser-included offense is charge error subject to an *Almanza* harm analysis. *Saunders v. State*, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Under *Almanza*, when error in the jury charge is properly preserved, as is the case here, reversal is required if the charge error resulted in some harm to the defendant, "some" meaning "any." *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986); *Almanza*, 686 S.W.2d at 171. If the charge error involves the absence of a lesser-included offense instruction that leaves the jury with the sole option

to convict the appellant of the charged offense or to acquit him, "a finding of harm is essentially automatic because the jury was denied the opportunity to convict the defendant of the lesser offense." *O'Brien v. State*, 89 S.W.3d 753, 756 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (citing *Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995)).

> In cases such as this, there is a distinct possibility that the jury, believing the defendant to have committed some crime, but given only the option to convict him of the greater offense, may have chosen to find him guilty of that greater offense, rather than to acquit him altogether, even though it had a reasonable doubt that he really committed the greater offense.

*Id.* (citing *Saunders*, 913 S.W.2d at 571 (citing *Beck v. Alabama*, 447 U.S. 625, 634, 100 S.Ct. 2382, 2399, 65 L.Ed.2d 392 (1980))).

The trial court in this case instructed the jury solely on the charged offense of indecency with a child by exposure. The jury, therefore, had two options: find Kachel guilty of indecency with a child by exposure or acquit him. The jury chose to convict Kachel of indecency with a child by exposure and assessed his punishment, enhanced by two previous felony convictions, at sixty years' confinement. I believe that because the trial court denied the jury the opportunity to convict Kachel solely of the lesser-included offense of indecent exposure (a Class B misdemeanor), which it reasonably could have done based on the evidence presented at trial, its erroneous failure to submit the lesser-included instruction created "some" harm. *See Robalin v. State*, 224 S.W.3d 470, 477 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *O'Brien*, 89 S.W.3d at 756-57.

For these reasons, I respectfully dissent from the majority opinion, would reverse the trial court's judgment, and would remand this case to the trial court for a new trial.

REX D. DAVIS
Justice

Dissenting opinion delivered and filed October 24, 2013
Do not publish