IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0765-12






RONALD EUGENE WORTHAM, JR., Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


SAN JACINTO COUNTY





 Keasler, J., delivered the opinion of the Court, in which Meyers,
Price, Womack, Johnson, Hervey, Cochran, and Alcala, J.J., joined. Keller,
P.J., filed a concurring opinion.


O P I N I O N 


 Ronald Wortham was convicted of injury to a child. The Ninth Court of Appeals
affirmed the judgment, holding that the trial judge did not err in denying Wortham's request
for a jury instruction on the lesser-included offenses of reckless and criminally negligent
injury to a child. (1) Because the court of appeals misapplied the two-part analysis used to
determine the availability of lesser-included offense instructions, we reverse its judgment.

BACKGROUND

 Ronald Wortham lived with C.G. and C.G.'s two-year-old daughter, C.B. On March
10, 2010, Wortham brought C.B. to the emergency room at a hospital in Cleveland, Texas. 
C.B. was in cardiac arrest, had no respiration, pulse, or blood pressure, and was in a deep
coma. Doctors managed to restore C.B.'s breathing, but a CAT scan revealed that she had
an acute subdural hematoma, hypoxic ischemia, and intraventricular hemorrhaging. 
Wortham did not dispute that he had been alone with C.B. during the period of time in which
the injuries occurred. He was arrested and charged with injury to a child, a first-degree
felony. (2) The indictment alleged that Wortham, "on or about the 10th day of March, 2010,
. . . did then and there intentionally and knowingly cause serious bodily injury to [C.B.], a
child 14 years of age or younger, by shaking said [C.B.] and restricting her airflow causing
suffocation." 

 At trial, Texas State Trooper Christopher Richmond, Deputy Jason Bell, and Detective
Darryl LaMott each testified regarding Wortham's explanation about how C.B.'s injuries had
occurred. According to Wortham, C.B. had been sleeping. When Wortham went to check
on her, he discovered that she had a plastic bag on her face and that she was not breathing. 
Wortham then decided to take C.B. to the hospital. Detective LaMott's testimony went
further: he related that Wortham said that when Wortham removed the bag from C.B.'s face,
he tapped her and shook her in an attempt to revive her. Only when this was unsuccessful
did Wortham take C.B. to the hospital.

 Multiple witnesses for the State testified that C.B.'s injuries were indicative of non-accidental trauma. Dr. Sunil Kumar Saraf, the emergency-room doctor who initially treated
C.B., testified that a subdural hematoma could not be caused by suffocation, either by a
plastic bag covering the face or otherwise. Dr. George Boutros, a radiologist, also agreed
that C.B.'s injuries could not have been caused by a plastic bag blocking her airway. Finally,
Dr. Sheela Lahoti, a professor of pediatrics, testified that the blood found in C.B.'s brain
could not have been caused by suffocation. All three doctors indicated that C.B.'s injuries
were consistent with shaken baby syndrome, which occurs when a child is shaken vigorously
with rapid acceleration.

 At the charge conference, Wortham's trial counsel requested a jury instruction on the
lesser-included offenses of reckless injury to a child and criminally negligent injury to a
child. The trial judge denied Wortham's requests as to both recklessness and criminal
negligence. Subsequently, the jury returned a verdict of guilty and assessed a punishment
of forty years' imprisonment.

 Wortham appealed, arguing that the judge erred in denying his request for a lesser-included offense instruction. Specifically, he stated that he had been entitled to the lesser-included offense instruction because the evidence indicated that while he had shaken C.B.,
he had done so in an attempt to revive her. (3) The Ninth Court of Appeals upheld the decision
of the trial court, stating that a judge need not instruct a jury on a lesser-included offense
when the conduct establishing the lesser offense is not included within the facts required to
prove the charged offense. (4) The court of appeals also concluded that based on the facts of
the record, no rational jury could have found that Wortham recklessly or negligently caused
injury to C.B. (5) We granted review to determine whether the court of appeals erred when it
upheld the judge's denial of Wortham's requested lesser-included offenses charge.

LESSER-INCLUDED OFFENSE INSTRUCTION

 Hall v. State sets forth the two-part analysis used to determine whether a defendant
is entitled to a jury instruction on a lesser-included offense. (6) Using the "cognate pleadings"
approach, an appellate court must first consider whether the offense contained in the
requested instruction is a lesser-included offense of the charged offense. (7) If it is, the court
must then determine whether the evidence admitted at trial supports the instruction. (8)

 We now turn to the first step in the analysis: whether the offense contained in the
requested instruction is a lesser-included offense of the charged offense. Whether an offense
is a lesser-included offense is governed by Code of Criminal Procedure Article 37.09, which
reads in pertinent part:

An offense is a lesser included offense if:


(1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged; [or]


. . . .


(3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission . . . . (9) This is a question of law. "[W]e do not consider the evidence that was presented at
trial. Instead, we consider only the statutory elements of [the offense] as they were modified
by the particular allegations of the indictment . . . . We then compare them with the elements
of the [requested] lesser offense . . . ." (10) Thus, an offense is a lesser-included offense if the
indictment alleges all the elements of the lesser-included offense, or if the indictment alleges
elements plus facts from which all the elements of the lesser-included offense may be
deduced. (11)

 In this case, the indictment against Wortham for injury to a child contained the
following elements:

 (1) Wortham

 (2) intentionally or knowingly

 (3) caused serious bodily injury

 (4) to a child 14 years of age or younger

 (5) by shaking and restricting her airflow, causing suffocation.

 An individual may commit the offense of injury to a child either by act or by
omission. (12) However, for the purposes of this analysis, an appellate court must consider only
the elements of the offense as they were modified by the particular allegations of the
indictment. (13) Here, the indictment did not charge Wortham with injury to a child by
omission. Therefore, we compare the elements of the offense as modified by the indictment
to the elements of reckless and criminally negligent injury to a child by committing an
act--not by omission--as follows:

 (1) a person commits an offense if he

 (2) recklessly or with criminal negligence by act

 (3) causes serious bodily injury

 (4) to a child. (14)

 Because the indictment alleges all of the elements of the requested lesser-included
offenses, reckless and criminally negligent injury to a child by act are lesser-included
offenses of intentional and knowing injury to a child by act. Furthermore, Article 37.09(3)
states that a lesser-included offense differs from the offense charged only in the respect that
a less culpable mental state suffices to establish its commission. (15) "Reckless" and "criminal
negligence" are less culpable mental states than "intentional" and "knowing." (16) Thus, by
definition, reckless and criminally negligent injury to a child by act are lesser-included
offenses of knowing or intentional injury to a child by act. (17)

 The court of appeals held that Wortham was not entitled to his requested jury
instruction because "[a] trial court need not instruct a jury on a lesser-included offense when
the conduct establishing the lesser offense is not included within the facts required to prove
the charged offense." (18) The court of appeals pointed out that Wortham's theory of the case
was that C.B. was suffocated by a bag and that Wortham shook her in an attempt to revive
her, while the State's evidence established that C.B. was not suffocated by a bag, but went
into a coma as a result of being shaken. (19) Thus, in the court of appeals' view, the conduct
constituting the offense charged was different from that constituting the offense of the
requested instruction. 

 In determining that reckless and criminally negligent injury to a child were not valid
lesser-included offenses in this case, the court of appeals relied on Thompson v. State. (20) In
Thompson, the trial judge denied a request for an instruction on the lesser-included offense
of reckless bodily injury to a child, because the appellant's theory of the case was different
from the elements alleged in the indictment. (21) The indictment in Thompson alleged that
appellant had intentionally or knowingly caused bodily injury to a child by holding her feet
in hot water. (22) However, the appellant argued that he was entitled to a reckless injury to a
child instruction because evidence had been presented indicating that appellant had placed
the child on the side of the tub and that she burned her feet as the water filled the tub. (23) The
court in Thompson held that because the conduct supporting a charge of recklessness did not
match the conduct alleged in the indictment--specifically, that appellant had held the child's
feet under the hot water rather than allowing the child's feet to become burned as the water
rose--recklessly injuring the child was not a lesser-included offense of intentionally or
knowingly doing so, and thus the court was not required to give the instruction. (24)

 There are several reasons why the court of appeals' reliance on Thompson in this case
is misplaced. First, the facts of Thompson are distinguishable. In Thompson, as stated above,
the conduct alleged by the indictment and the appellant's theory of the case were completely
different. (25) In this case, however, both the indictment and Wortham allege identical
conduct--that Wortham shook C.B. While it is true that Wortham's theory of the case is that
he shook C.B. in an attempt to revive her and thus recklessly or negligently inflicted injuries,
the fact remains that the conduct is the same. Even applying the Thompson reasoning,
reckless or negligent injury to a child would constitute a lesser-included offense of knowing
or intentional injury to a child in this case because the conduct establishing the lesser offense
is included within the facts required to prove the charged offense.

 Additionally, the reasoning in Thompson, and, by extension, in the court of appeals'
decision in this case, conflicts with this Court's clarification of the law of lesser-included-offense instructions as set forth in Hall v. State and its progeny. As stated above, Hall
dictates that when determining whether a requested charge constitutes a lesser-included
offense, an appellate court should not consider the evidence presented at trial. (26) In
Thompson, however, the court considered the evidence presented at trial when it concluded
that reckless injury to a child was not a lesser-included offense of intentional or knowing
injury to a child. (27) Likewise, in this case, the court of appeals considered the evidence at trial
when it determined that reckless or criminally negligent injury to a child was not a lesser-included offense of intentional or knowing injury to a child. The court's analysis is replete
with references to what Wortham "contended" or "suggested," and what various witnesses
testified to. (28) Nowhere in the court's majority opinion is a comparison of the elements of the
indictment to the elements of the requested lesser-included offense as required by the
cognate-pleadings approach. (29)

 The evidence presented at trial remains an important part of a judge's decision on
whether to present a requested instruction to the jury. But such evidence comes into play
only in the second prong of the test. Thus the court of appeals' analysis of whether the
conduct underlying the requested lesser-included instruction is included in the proof
necessary to establish the offense charged was misplaced--the court analyzed this issue
under the first prong of the test rather than the second. Such an analysis is best addressed
when determining whether the evidence presented at trial is sufficient to support the lesser-included offense at all. In outlining what should be determined in the second prong of the
test, we stated that, among other things, a defendant is entitled to an instruction on a lesser-included offense only "where the proof for the offense charged includes the proof necessary
to establish the lesser included offense . . . ." (30) However, in this case, the conduct underlying
the requested lesser-included instruction is included in the proof necessary to establish the
offense charged. Both the indictment and Wortham allege that C.B.'s injuries were caused
by the same conduct--shaking. Thus the court of appeals' determination that the conduct
constituting the offense charged was different than the conduct constituting the offense of
the requested charge was in error.

 We now turn to the second step in the analysis: whether the evidence presented at trial
supports the lesser-included offense instruction. (31) The purpose of this second step is to
ensure that the lesser-included offense is a "valid, rational alternative" to the charged
offense. (32) "[T]here must be some evidence directly germane to the lesser-included offense
for the finder of fact to consider before an instruction on a lesser-included offense is
warranted." (33) Anything more than a scintilla of evidence entitles the defendant to the lesser
charge. (34) We may not consider the credibility of the evidence; even weak or contradicted
evidence may rise to a level that a rational jury could find a defendant guilty of only a lesser-included offense. (35) However, such evidence cannot be mere speculation--it must consist of
affirmative evidence that both raises the lesser-included offense and rebuts or negates an
element of the greater offense. (36)

 The court of appeals held that because the medical evidence presented at trial
overwhelmingly indicated that C.B.'s injuries were not caused by a plastic bag or Wortham's
attempts to revive the child, no rational jury could have found Wortham guilty of only a
lesser-included offense. (37) Likewise, the State in its brief argues that because the medical
witnesses were unanimous in stating that shaken baby syndrome is not a condition that can
be caused accidentally, and because Wortham did not present medical testimony explaining
how his reckless or negligent actions could have caused the injuries, he cannot point to "more
than a scintilla of evidence" required to meet the second prong of the test.

 The court of appeals' and the State's reliance on the overwhelming medical evidence
presented in this case is in error. If a defendant can point to more than a scintilla of evidence
supporting the lesser-included offense instruction--even evidence that is controverted or
weak--he is entitled to the instruction. Here, Wortham has presented such evidence. The
testimony of Detective LaMott contained Wortham's assertion that Wortham had shaken
C.B. in an attempt to revive her. Wortham's assertion, if true, would negate the "intentional"
or "knowing" elements of the charged offense.

 The court of appeals erred when it determined from the evidence presented in the case
that the medical evidence overwhelmed Wortham's explanation of the cause of C.B.'s
injuries, instead of determining whether more than a scintilla of evidence supported
Wortham's request for a jury instruction on the lesser-included offenses. Because Wortham
was able to point to evidence negating an element of the charged offense and raising reckless
or criminally negligent injury to a child as a valid, rational alternative, Wortham was entitled
to the requested instruction.

CONCLUSION

 Based on the elements of the offense as modified by the indictment in this case,
reckless and criminally negligent injury to a child by act are lesser-included offenses of
knowing or intentional injury to a child by act. Likewise, evidence was presented at trial that
entitled Wortham to the requested lesser-included offense instruction. We therefore reverse
the judgment of the Ninth Court of Appeals and remand the case to that court to conduct a
harm analysis.




Delivered: October 30, 2013

PUBLISH
1. Wortham v. State, 366 S.W.3d 871, 875-76 (Tex. App.--Beaumont 2012). 
2. See Tex. Penal Code § 22.04(a), (e) (West 2012).
3. See Wortham, 366 S.W.3d at 876.
4. Id. at 875.
5. Id. at 876.
6. Hall v. State, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007).
7. Rice v. State, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011); Hall, 225 S.W.3d at
535.
8. Goad v. State, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011); Rice, 333 S.W.3d
at 144.
9. Tex. Code Crim. Proc. art. 37.09 (West 2012).
10. Hall, 225 S.W.3d at 536.
11. Rice, 333 S.W.3d at 144; Ex parte Watson, 306 S.W.3d 259, 273 (Tex. Crim.
App. 2009) (op. on reh'g).
12. See Tex. Penal Code § 22.04(a) (West 2012).
13. See Hall, 225 S.W.3d at 536.
14. See Tex. Penal Code § 22.04(a)(1) (West 2012).
15. Tex. Code Crim. Proc. art. 37.09(3) (West 2012).
16. See Tex. Penal Code § 6.02(d) (West 2012).
17. See Hicks v. State, 372 S.W.3d 649, 653 (Tex. Crim. App. 2012); Gay v. State,
235 S.W.3d 829, 831-32 (Tex. App.--Fort Worth 2007, pet. ref'd); Thompson v. State,
227 S.W.3d 153, 163 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd); Brunson v. State,
764 S.W.2d 888, 892 (Tex. App.--Austin 1989, pet. ref'd).
18. Wortham, 366 S.W.3d at 875.
19. Id. at 875-76.
20. Thompson v. State, 227 S.W.3d 153 (Tex. App.--Houston [1st Dist.] 2006, pet.
ref'd).
21. Id. at 163.
22. Id.
23. Id. at 163-64.
24. Id. at 164.
25. See id. at 163-64.
26. Hall, 225 S.W.3d at 535, 536.
27. Thompson, 227 S.W.3d at 163-164 (holding that because the evidence as
presented by appellant did not match the conduct constituting the offense charged, the
appellant was not entitled to the lesser included offense charge).
28. Wortham, 366 S.W.3d at 876.
29. But see id. at 876-77 (Dissenting opinion addressing the cognate pleadings test
and the applicability of Article 37.09) (McKeithen, J., dissenting).
30. Hall, 225 S.W.3d at 536 (citing Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim.
App. 1994)).
31. Goad, 354 S.W.3d at 446.
32. Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997) (overruled on
other grounds).
33. Goad, 354 S.W.3d at 446 (citing Hampton v. State, 109 S.W.3d 437, 441 (Tex.
Crim. App. 2003)).
34. Id. at 446; Bignall, 887 S.W.2d at 23.
35. Cavazos v. State, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012); Goad, 354
S.W.3d at 447, 448.
36. Cavazos, 382 S.W.3d at 385.
37. Wortham, 366 S.W.3d at 876.